■ PETER CARCIOFOLO, Individually and Doing Business as CARR UPHOLSTERING SHOP, Respondent, v. U. S. FIRE INSURANCE COMPANY et al., Appellants. (Appeal No. 2.) — Order unanimously reversed on the law and motion denied, without costs. Memorandum: Our determination in *Carciofolo* v. *U. S. Fire Ins. Co.*, decided herewith (38 A D 2d 672) requires a reversal of the order of Special Term granting plaintiff's motion for summary judgment. (Appeal from part of order of Onondaga Special Term, granting motion for summary judgment.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.

■ DOLORES J. ISAACS, Appellant, v. ALBERT MURCIN et al., Respondents. — Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: After the hearing had been completed in this proceeding by a mother to regain custody of her child from his paternal grandparents the court informed the attorneys by letter that he was requesting the Probation Department to furnish him with a report of conditions as they found them in the homes of the petitioner and respondents. The parties had not stipulated to the use of such a report and, after its receipt, its accuracy was not established nor was there any opportunity provided to explain or rebut material contained in it. Its use in part as the basis for an award of custody to respondents was error which requires a reversal of the judgment. (*Matter of Lincoln* v. *Lincoln*, 24 N Y 2d 270, 273; *Kesseler* v. *Kesseler*, 10 N Y 2d 445, 451.) The record before us provides no basis for depriving petitioner of the custody of her son on the principle that "the best interests of the child" require awarding him to nonparents. In a contest between parent and nonparents there exists a "paramount parental right to raise one's own child". (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196, 203.) "The mother or father has a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood." (*People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465, 468; *People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.*, 28 N Y 2d 185, app. dsmd. 404 U. S. 805.) The trial court made no finding of either abandonment or unfitness. However, in view of the conduct of the mother evidencing an apparent extended lack of concern for the child and the report by the Probation Department (not before this court) presumably recommending that custody be awarded to the respondents, in the interest of justice a *de novo* hearing should be conducted at which the issues of abandonment and unfitness may be explored. (Appeal from judgment of Erie Trial Term, in custody proceeding.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ In the Matter of the Estate of KATHARINE H. CLOSE, Deceased. WILLIAM A. CLOSE, Respondent; JAMES A. CLOSE, Appellant.— Decree, insofar as appealed from, unanimously affirmed, without costs, on the opinion of the Surrogate. (Appeal from certain parts of decree of Onondaga County Surrogate, revoking letters of testamentary trusteeship.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.