■  SHIRLEY A. FALKIDES, Respondent, v. JOHN P. FALKIDES, Appellant.— Decision reserved, case held and matter remitted to the Family Court of Erie County for further proceedings in accordance with the following memorandum: The Family Court of Erie County had jurisdiction to modify its previous order in this matter (Family Ct. Act, § 652) in the absence of an order of the Supreme Court (Family Ct. Act, § 447; *Matter of Bolatin* v. *Bolatin,* 29 A D 2d 534, affd. 22 N Y 2d 794). In reviewing the mother's visitation rights with her nine-year-old son it properly found that there had been a change of circumstances since the date of its previous order in December, 1968 (Family Ct. Act, §§ 461, 467, 652). Nevertheless, we are remitting this matter for a further hearing to afford the parties an opportunity to review the Probation and Family Court Clinic Reports and to cross-examine the probation officer, court psychiatrist and any others involved in making these reports, and further to afford the parties an opportunity to present testimony in opposition thereto, if they so choose. These reports were furnished to the trial court in this case and the record reveals that although the court reserved the attorneys' right to go through the whole probation investigation, such opportunity was never accorded them. Moreover, the trial court stated that it based its custody determination on these reports. The law is well settled that the parties may stipulate to waive an examination of these reports and permit them to be received by the trial court (*Kesseler* v. *Kesseler,* 10 N Y 2d 445; *Isaacs* v. *Murcin,* 38 A D 2d 673). However, "professional reports and independent investigations by the Trial Judge entail too many risks of error to permit their use without the parties' consent" (*Matter of Lincoln* v. *Lincoln,* 24 N Y 2d 270, 273). Without the stipulation of consent the reports may be made but the parties must be given an opportunity to explain or rebut the material contained in them (*Matter of Lincoln, supra,* p. 273; *Gutillo* v. *Gutillo,* 30 A D 2d 484). Further, at the hearing the appellant-respondent (father) presented two witnesses (Arcudi and Huddleston) respecting specific incidents which occurred in 1970 to support appellant's claim that respondent was emotionally unstable. This evidence was improperly excluded. It would have been competent on the issue of the child's welfare in this custody contest. While a layman cannot testify that a person is of unsound mind, irrational or emotionally disturbed, he can describe the acts of a person and state whether those acts impressed him as being irrational (*Matter of Coddington,* 307 N. Y. 181, 185–186; Richardson, Evidence [9th ed.], § 384, subd. [m]). Finally, the trial court properly exercised its discretion in not interviewing this nine-year-old boy. The evidence gleaned from the probation report reveals him to be "outgoing, mature and relates well with his peers". He is described as an excellent student and participates in organized athletics. While the Family Court Judge has the power to conduct such an interview (*Matter of Lincoln* v. *Lincoln,* 24 N Y 2d 270, *supra*), no useful purpose would appear to be served by its exercise in this case.

(Appeal from order of Erie County Family Court in motion to review visitation rights.) Present — Goldman, P. J., Del Vecchio, Witmer and Cardamone, JJ.