■ JAMES DISTEFANO, Respondent, v MAUREEN DISTEFANO, Appellant.— Decision reserved, case held and matter remitted to the Family Court of Erie County for further proceedings in accordance with the following memorandum: The issue of custody of three children of the marriage was referred by Supreme Court to Family Court for hearing and determination. Respondent appeals from an order granting custody to petitioner. The record before us is incomplete. With consent of the parties the trial court ordered an investigation by the Probation Division of Family Court and psychiatric evaluations of the parties by the Family Court Clinic. While there is evidence that the investigation was undertaken, there is nothing in the record to show that the court received or considered its results. We must presume, however, that there was compliance with the order. Though the trial court's limited findings do not appear to rely on the results of any such investigation, we are constrained from ruling on the merits since to do so would be "to decide the case on the basis of different factors from those which the trial court had before it" *(Kesseler v Kesseler,* 10 NY2d 445, 446, 447). The trial court erred in holding the results of the investigation to be confidential, absent a stipulation to that effect by the parties *(Kesseler v Kesseler, supra; Matter of Lincoln v Lincoln,* 24 NY2d 270, 273). The consent of the parties that the investigation be undertaken cannot be construed as consent to the confidential use of the reports by the trial court in light of respondent's request that they be made available to counsel. Moreover, "professional reports and independent investigations by the Trial Judge entail too many risks of error to permit their use without the parties' consent" *(Matter of Lincoln v Lincoln, supra,* p 273; *Falkides v Falkides,* 40 AD2d 1074). In this custody contest the court's sole ultimate concern is the best interests of the children (Domestic Relations Law, §§ 70, 240). The best interest of the children require that the accuracy of the contents of the probation report and the psychiatric evaluations be established and that there be an opportunity to explain or rebut the material contained therein *(Matter of Lincoln v Lincoln, supra,* p 273). The rule should be forcefully applied when, as here, respondent is an admitted lesbian actively engaged in an intimate relationship with another of the female sex. The contents of the probation report and particularly of the psychiatric evaluations may

well give rise to extensive examination and cross-examination upon a viewing thereof by counsel, and the swearing as witnesses of the authors or their sources. There is no need here for a *de novo* hearing as was directed in *Kesseler v Kesseler (supra)* and by this court in *Isaacs v Murcin* (38 AD2d 673). In *Kesseler* such a hearing was ordered because the child was in the custody of the father for three years pursuant to the trial court's order, while the father was cohabiting as husband and wife with a new consort rather than living with his mother and aunt as anticipated by the trial court in promulgating its custody order. In *Isaacs,* a contest for custody between a mother and paternal grandparents, where a parent's paramount right to raise her own child was at issue, a *de novo* hearing was ordered to explore the question of the mother's unfitness and her abandonment of the child, because the trial court made no finding on those issues and the probation report had presumably recommended custody to the paternal grandparents. Here, the matter has been fully litigated except for the unavailability of the reports to counsel and the record that logically may flow from their review. The matter is remitted for a further hearing to afford the parties an opportunity to review the results of the probation division investigation, and the psychiatric evaluations, and to cross-examine all those involved in the making of the reports, and to afford the parties an opportunity to present testimony or other evidence in contravention thereof. The trial court is directed to make such additional findings upon the further hearing as are necessary and consistent with the best interests of the children. (Appeal from order of Erie County Family Court in custody proceeding.) Present.—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.