■ In the Matter of THOMAS W. JONES, SR., Respondent, v ELLEN PAYNE, Appellant.—Harvey, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered September 29, 1983, which, inter alia, awarded custody of the parties' daughter Cathy to petitioner.

In this proceeding, petitioner seeks to obtain custody of Christina and Cathy Jones, issue of his marriage to respondent. The parties were married on November 6, 1964, separated on July 15, 1972 and divorced on March 9, 1973. Christina was born September 25, 1967 and Cathy was born May 11, 1969. By order dated November 8, 1974, Family Court originally awarded custody of the children to respondent. Following their divorce, both parties remarried. Petitioner has five children born of his second marriage, while respondent has no children from her second marriage.

On August 24, 1982, Christina left respondent's home and moved into petitioner's home. Christina reported to petitioner accounts of alleged physical and verbal abuse by respondent on Christina and Cathy. Petitioner was also informed of respondent's alleged abuse of alcohol and drugs and her allowance of certain sex offenders and child molesters to visit her home. On August 25, 1982, petitioner filed a custody petition with Family Court. After a hearing and the receipt of the Law Guardian's report, Family Court found that there was sufficient evidence to support the allegation that there had been a significant and extraordinary change in circumstances which warranted change in the custody of the children from respondent to petitioner. Family Court awarded petitioner custody of both children, with visitation rights to respondent to begin after a brief "adjustment period". Respondent appeals. However, her appeal is limited only to the order as to Cathy.

Respondent contends that Family Court erred in its decision

because it failed to consider the totality of the circumstances when making its determination. Specifically, respondent argues that the court considered only the negative aspects of respondent's conduct and failed to sufficiently weigh the favorable testimony of respondent's witnesses and Cathy's stated desire to remain with her mother.

We disagree. Family Court must consider the best interests of the children when determining a custody dispute *(Daghir v Daghir,* 56 NY2d 938). There was overwhelming evidence of respondent's abuse of drugs and alcohol, her threats of suicide, her friendship with certain known sex offenders and Cathy's discouraging psychiatric evaluation. The decision was further bolstered by Christina's and petitioner's positive psychiatric evaluations and the fact that Christina has apparently flourished under petitioner's supervision since she left the domicile of respondent.

We conclude that the overwhelming evidence supported Family Court's decision *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543), that under most circumstances siblings should be reared together in order to promote and strengthen the familial bond *(Obey v Degling,* 37 NY2d 768), and that a child's expressed desire to live with one parent is not exclusively determinative of the long-term best interest of the child *(Dintruff v McGreevy,* 34 NY2d 887).

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.