■ LISA MCCLURE, an Infant, by Her Mother and Natural Guardian, EMMA YOUNG et al., Appellants, v BAIER's AUTOMOTIVE SERVICE CENTER, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated July 1, 1985, which, upon a jury verdict finding the plaintiff Lisa McClure 50% at fault in the happening of the accident, is in their favor and against the defendants in the principal amount of only $2,500.

Ordered that the judgment is affirmed, with costs.

The plaintiffs claim that the trial court committed reversible error in an evidentiary ruling and in its instructions to the jury.

Initially, we find that an adequate foundation was laid for the introduction of the records of the plaintiff Lisa McClure's former treating physician through the testimony of his medical secretary, who explained that entries in the record were made in the regular course of business by members of the physician's staff during the plaintiff Lisa McClure's office visits (see, CPLR 4518 [a]; cf. Sabatino v Turf House, 76 AD2d

945). Furthermore, much of the information in the medical records appeared elsewhere in the record.

Nor do the claims of error in the court's charge merit reversal. The plaintiffs' counsel objected to the court's delivery of a missing witness charge upon the ground that the plaintiff Lisa McClure's former treating physicians, who were the subject of the charge, could have been produced by the defendants. Under the circumstances, this argument has no merit (see, Richardson, Evidence § 92 [Prince 10th ed]; *Rosa v Blander*, 47 AD2d 865). The plaintiffs' counsel failed to argue that the former physicians were no longer under their control (see, *Chandler v Flynn*, 111 AD2d 300; *Oswald v Heaney*, 70 AD2d 653). Similarly, the plaintiffs' counsel failed to make a proper objection to the court's instructions on the calculation of damages, and we decline to find that the damage award is inadequate. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.