■ CHARLOTTE ERIKSSON, Appellant, v EDWARD ERIKSSON, Respondent.—In a matrimonial action in which the parties were divorced by a judgment which awarded the parties joint custody of their infant daughter Eve, the plaintiff wife appeals, as limited by her brief and by the argument of counsel, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated March 18, 1985, as granted the defendant husband's application to modify the judgment so as to award him sole custody of the infant and as failed to award her visitation.

Ordered that the judgment is modified by adding thereto a provision awarding the plaintiff wife visitation; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings to fix the terms of visitation.

A review of the record indicates that both parties are fit parents and love their daughter Eve. However, the trial court's custody determination is entitled to great weight since it has the benefit of seeing and hearing the witnesses (Matter of Auffhammer v Auffhammer, 101 AD2d 929). The determination has a sound and substantial basis in the record and we therefore decline to disturb it (see, Eschbach v Eschbach, 56 NY2d 167).

However, the trial court should have provided for visitation for the plaintiff wife. The matter is remitted to the Supreme Court, Suffolk County, to afford the parties an opportunity to agree on the terms of visitation, which should be liberal. If the parties cannot reach an agreement, the court is directed to determine such liberal visitation rights.

The plaintiff wife's present request to fix arrears in maintenance, which she claims is due and owing, was not made in the trial court, and thus the issue has not been preserved for

this court's review. In any event, we note that pursuant to the parties' separation agreement, the plaintiff wife was no longer entitled to maintenance since she conceded that she resided with an unrelated male person. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.