■ CHARLES MASCOLI, Appellant, v ANITA MASCOLI, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated March 21, 1984, the petitioner father appeals from an order of the Family Court, Westchester County (Kaiser, J.), entered September 4, 1986, which, after a hearing, denied his motion to transfer custody of the parties' infant daughter from the mother to the father.

Ordered that the order is affirmed, with costs.

It is well established that the totality of the circumstances are to be considered in determining whether custody should be changed *(see, Eschbach v Eschbach,* 56 NY2d 167). A review of the record reveals that both parties are fit parents and love their daughter. However, the trial court's determination is to be accorded great deference on review and will not be disturbed in the absence of an abuse of discretion *(see, LoBianco v LoBianco,* 131 AD2d 642). The record in the instant case reveals no such abuse of discretion.

Significantly, the parties agreed that the respondent mother would have custody of the infant with liberal visitation rights to be afforded the petitioner. Absent extraordinary circumstances, an agreement as to which parent should have custody is a weighty factor *(see, Eschbach v Eschbach, supra,* at 171). The determination not to transfer custody has a sound and substantial basis in the record and we, therefore, decline to disturb it *(see, Eschbach v Eschbach, supra; Eriksson v Eriksson,* 128 AD2d 500).

Nor did the court err in refusing to submit the parties and the child to psychological examinations before rendering its decision. The record contains no evidence that the parties or child displayed emotional problems which would make the assistance of psychological experts necessary in order to determine whether to change custody *(see, Opferbeck v Opferbeck,* 57 AD2d 1074, *lv denied* 42 NY2d 810).

Lastly, the court did not err by not interviewing the child. Interviews with the child are not mandatory, but may be conducted when doing so would be useful to the determination *(see, Matter of Lincoln v Lincoln,* 24 NY2d 270; *Falkides v Falkides,* 40 AD2d 1074). In this case, an interview with the child would not have served a useful purpose *(see, Falkides v Falkides, supra).* Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.