■ MICHELLE LOHMILLER, Respondent-Appellant, v GORDON LOHMILLER, Appellant-Respondent.

The parties were married in 1973 and have one child, born in December 1981. The judgment granted the parties a mutual divorce on the ground of the cruel and inhuman treatment of

each by the other. The two-week trial of this action centered almost exclusively on the issue of custody of their daughter.

The court's decision to award custody of the child to the plaintiff is supported by the evidence in the record and should not be disturbed (see, Eschbach v Eschbach, 56 NY2d 167; Bonheur v Bonheur, 138 AD2d 441). The intense acrimony between the parties, who continued to reside in the same house during these protracted divorce proceedings, precluded an award of joint custody (see, Braiman v Braiman, 44 NY2d 584). Although the defendant presented convincing evidence of the loving relationship between himself and the child, the extensive testimony of mental health professionals, the parties and their acquaintances supports the court's decision that the plaintiff was better able to place the child's needs before her own and to foster a continued relationship with the noncustodial parent. Furthermore, the court's award of custody to the plaintiff was consistent with the recommendation of the Probation Department and the child's therapist.

We find that the court's award of child support and maintenance was reasonable under the circumstances, which included the need to maintain two separate residences on the limited resources of the husband and the presence of a young child in the home (see, Creem v Creem, 121 AD2d 676). Nor do we find grounds in the record before us to alter the visitation schedule imposed by the court. The award of counsel fees to the plaintiff was not excessive in light of the extensive litigation. We find no error in the denial of an award of counsel fees to the husband.

The court erred in refusing to permit the defendant's attorney to make an opening statement (CPLR 4016). However, the remedy of a reversal is not warranted here where the court was familiar with the contentions of the parties raised in a pretrial conference and prior to trial, and presided over a stipulation in open court by the parties as to certain facts. The defendant's remaining contentions with respect to the trial court's rulings are without merit.

The plaintiff's appeal from the order dated December 1, 1986 is dismissed due to her failure to perfect the appeal in accordance with the rules of this court (22 NYCRR 670.8 [d], [e]). The plaintiff's cross appeal from the judgment is dismissed since a party is not permitted to perfect a cross appeal simply by submitting the notice of cross appeal in her brief (see, Batchie v Travelers Ins. Co., 130 AD2d 536; Kapchan v Kapchan, 104 AD2d 358). Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.