■ CHERYL JANECKA, Formerly Known as CHERYL J. FRANKLIN, Appellant, v ROBERT S. FRANKLIN, Respondent.—In a matrimonial action in which the parties were previously divorced, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 17, 1989, which, after a hearing, *inter alia,* awarded sole custody of the couple's two children to the defendant husband and directed the plaintiff to make child support payments.

Ordered that the order is modified, on the facts, by deleting the decretal paragraph thereof directing the plaintiff wife to make child support payments; and as so modified, the order is affirmed, without costs or disbursements.

In *Janecka v Franklin* (143 AD2d 731, 732), in which the facts of this case are set out at greater length, we found that "the parties have been unable to overlook their differences for the good of their children" and that "circumstances * * *

have arisen * * * [that] establish convincingly that joint custody is no longer a tenable option if the best interests of the children are to be furthered". Therefore, the matter was remitted to the Supreme Court, Westchester County, for a hearing and determination as to who was to be awarded sole custody of the children.

In *Keating v Keating* (147 AD2d 675, 677), this court held that a child custody determination "must be rendered with the best interests of the children as the paramount consideration" *(see also,* Domestic Relations Law §§ 70, 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Eschbach v Eschbach,* 56 NY2d 167). In *Keating v Keating (supra,* at 677) this court listed the following factors which should be considered in determining whether a stipulation entered into by the parents with respect to custody should be modified: "the quality of the home environment and the parental guidance the custodial parent provides for the child *(Eschbach v Eschbach, supra,* at 172; *Matter of Ebert v Ebert,* 38 NY2d 700, 702); the ability of each parent to provide for the child's emotional and intellectual development *(Porges v Porges,* 63 AD2d 712, 713, *lv denied* 45 NY2d 710); the financial status and ability of each parent to provide for the child *(Eschbach v Eschbach, supra);* the relative fitness of the respective parents, as well as the length of time the present custody has continued *(Matter of Nehra v Uhlar,* 43 NY2d 242). Moreover, as this court has observed, ' "priority in a custody dispute should be given to the first parent who was awarded custody * * * by voluntary agreement" ' *(Robert C. R. v Victoria R.,* 143 AD2d 262, 264, quoting *Richman v Richman,* 104 AD2d 934, 935; *see also, Friederwitzer v Friederwitzer, supra,* at 94; *Matter of Nehra v Uhlar, supra,* at 251). It is well settled, furthermore, that the courts will not disrupt sibling relationships unless there is an overwhelming need to do so *(see, Eschbach v Eschbach, supra,* at 173; *Matter of Ebert v Ebert, supra,* at 704; *Obey v Degling,* 37 NY2d 768; *Matter of Jones v Payne,* 113 AD2d 968, 969; *Pawelski v Buchholtz,* 91 AD2d 1200). Although the findings of the hearing court in respect to the modification of child custody are to be accorded great respect *(see, e.g., Eschbach v Eschbach,* 56 NY2d 167, *supra),* '[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record' *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76; *Skolnick v Skolnick,* 142 AD2d 570)".

Unlike the situation in *Keating v Keating (supra),* the

evidence in the instant case abundantly supports the hearing court's determination and should not be disturbed *(see, Lohmiller v Lohmiller,* 140 AD2d 497; *cf., Matter of Coyne v Coyne,* 150 AD2d 573). The determination depends to a great extent upon the assessments of the character and temperaments of the parents *(see, Leistner v Leistner,* 137 AD2d 499, 500). The hearing court's determination that the plaintiff mother's "unbridled" anger and hostility toward the defendant and his family rendered her less fit as the custodial parent, since her attitude would substantially interfere with her ability to place the needs of the children before her own in fostering a continued relationship with the noncustodial parent *(see, Lohmiller v Lohmiller, supra),* was based on sufficient evidence.

Since both parents seem equally able to provide for the intellectual and material needs of the children *(see, Keating v Keating, supra),* the relative fitness of the respective parents to provide for the emotional development of the children is a crucial factor. The evidence of the plaintiff's denigration of the children's father leads to a conclusion that the plaintiff is unwilling or unable to abstain from this deleterious conduct. Such conduct has been held to be "an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent" *(Leistner v Leistner, supra,* at 500; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938).

However, since the plaintiff, who has remarried, is not gainfully employed nor does she have other significant income, the court erred in directing her to make child support payments.

We have reviewed the plaintiff's other contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.