■ YVETTE GAGLIARDO, Respondent, v JOHN R. GAGLIARDO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated October 19, 1987, as, *inter alia,* (1) granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, (2) awarded custody of the infant child of the marriage to the plaintiff wife, (3) directed the defendant husband to pay support arrears of $1,710 to the plaintiff, and (4) purportedly denied his motion to hold the plaintiff in contempt.

Ordered that the appeal from so much of the judgment as purportedly denied the motion by the defendant husband to hold the plaintiff wife in contempt is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded costs.

The defendant husband and the plaintiff wife married in December 1984. In July 1985, they became the parents of a daughter, Dominique, who is now the subject of a bitter custody dispute between the parties. The plaintiff commenced this action against the defendant for a divorce on the ground of cruel and inhuman treatment. The defendant asserted a counterclaim for divorce on the same ground. Throughout the case, the parties have accused each other of drug abuse and lack of fitness to act as the custodial parent. The divorce trial was conducted in July 1987. The Supreme Court granted the plaintiff a divorce, awarded her custody of the child and gave the defendant liberal visitation.

We conclude that the court properly granted the plaintiff a divorce on the ground of cruel and inhuman treatment. The defendant failed to substantiate his assertion that the plaintiff had waived the ground of cruelty by resuming cohabitation and sexual relations with him.

With respect to the issue of whether the court properly awarded custody of the parties' child to the plaintiff, we note that by order dated January 23, 1989, the provisions of the judgment awarding custody were in fact changed so as to transfer custody of the child to the defendant. If that order were to stand, its effect would be to supersede the judgment and render the issue moot. Since, however, we are modifying the order in a companion appeal (see, Gagliardo v Gagliardo, 151 AD2d 720 [decided herewith]), we now entertain the appeal from that part of the judgment which awarded custody to the plaintiff. Upon our review thereof, we conclude that the Supreme Court properly awarded custody of the child to the plaintiff based upon the best interests of the child (see, Friederwitzer v Friederwitzer, 55 NY2d 89; Keating v Keating, 147 AD2d 675; Eriksson v Eriksson, 128 AD2d 500) and as the result of a careful and insightful evaluation of the testimony of all of the witnesses presented during the trial. Since there is a sound and substantial basis for the trial court's decision in the record, we decline to disturb it (see, Eschbach v Eschbach, 56 NY2d 167). The fact that Dr. Zelner, the court-

appointed psychologist, came to certain conclusions reflecting adversely on the defendant's lack of impulse control and potential for violence does not indicate a biased evaluation. This conclusion was not based upon hearsay but upon Dr. Zelner's personal observations during two interviews with the defendant.

The defendant also purportedly appeals from so much of the judgment of divorce as allegedly denied his motion to punish the plaintiff for contempt. However, that part of the appeal must be dismissed since the judgment contains no decretal paragraph either granting or denying that motion and so far as appears from the record, no decision on the motion was ever made and no order was entered thereon. The motion to punish the plaintiff for contempt therefore remains pending and undecided (see, Katz v Katz, 68 AD2d 536).

Finally, the defendant is not entitled to a cancellation of arrears in child support for that period during which the plaintiff denied him visitation. That period of wrongful denial occurred subsequent to August 5, 1986, the date upon which the amendments to Domestic Relations Law § 241 took effect and before the date of the entry of judgment. Pursuant to Domestic Relations Law § 241 as amended, the denial of a noncustodial party's visitation rights no longer provides a basis for the cancellation of any arrears in child support. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.