■ YVETTE GAGLIARDO, Appellant, v JOHN R. GAGLIARDO, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated October 19, 1987, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated January 23, 1989, which granted the husband's application to hold her in civil contempt for violating the visitation provisions of the judgment of divorce and for a change of custody of the infant issue of the marriage to him.

Ordered that the order is modified by deleting the third, fourth and fifth decretal paragraphs thereof and substituting therefor provisions denying that branch of the defendant's application which was for a change of custody and imposing a $250 fine upon the plaintiff for her civil contempt; as so modified the order is affirmed, without costs or disbursements, and the child custody and visitation provisions of the judgment of divorce are reinstated. The plaintiff's time to pay the $250 fine is extended until five days after service upon her of a copy of this decision and order, with notice of entry.

After a judgment of the Supreme Court awarded custody of the parties' infant daughter, Dominique, to the plaintiff *(see, Gagliardo v Gagliardo,* 151 AD2d 718 [decided herewith]), she persisted in violating that part of the judgment which awarded the defendant visitation rights. Because the plaintiff's interference with the defendant's visitation rights was determined to be violative of the child's best interests, the Supreme Court determined that custody of the child should be transferred to the defendant. The court also found the plaintiff to be in civil contempt.

While we consider the plaintiff's withholding of visitation to be a serious violation of the judgment of divorce which cannot be tolerated, we nevertheless conclude that, under all of the facts and circumstances of this case, it would still be in the best interests of the child for custody to remain with the plaintiff. The record indicates that whatever her character flaws may be, the plaintiff is indisputably a loving and attentive mother. It should also be noted that all of the psychiatric and psychological evidence submitted recommended that custody remain with the plaintiff. Furthermore, the plaintiff is available for the child on a full-time basis while the defendant, who is employed on a full-time basis, could attend to the child only part of the time. A transfer of custody in the instant situation would, in fact, be equivalent to placing the child in the custody of her paternal grandparents. It should also be noted that because the child has always resided with the plaintiff and because of her tender age, a forced separation from her mother at this point would likely prove to be traumatic. Accordingly, because there is no indication that a change in custody would result in significantly enhancing Dominique's welfare, we conclude that it would be in her best interests not to disrupt her life at this time *(see, Pawelski v Buchholtz,* 91 AD2d 1200).

Nevertheless, we agree with the Supreme Court's determination that the plaintiff was in contempt of the visitation provisions of the judgment of divorce. The record clearly indicates that the plaintiff has continuously and willfully interfered with and deprived the defendant of his visitation rights. Even if we assume that the plaintiff's denial of visitation was in response to the advice of social service or law enforcement officials, the mere act of disobedience, regardless of its motive, is sufficient to obtain a finding of civil contempt where such disobedience defeats, impairs, impedes or prejudices the rights of a party *(see, Gordon v Janover,* 121 AD2d 599). We therefore find that a fine of $250 is appropriate as a

penalty for the plaintiff's civil contempt. In the event of further disobedience, the plaintiff may be subject to additional penalties or a determination that it is no longer in the child's best interests for the plaintiff to retain custody *(see, Gorsky v Gorsky,* 148 AD2d 674).

The court would remind both parties that in the judgment of divorce, the Supreme Court directed them to attend psychological counseling at their own expense to insure that the best interests of the child be served. Those interests require that the parties participate in a program of psychological counseling. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.