■ In the Matter of BOBBY RUFFIN, Appellant, v RUBYSTEIN RUFFIN, Respondent.—In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nason, J.), dated September 15, 1989, which, after a hearing, in effect, denied his petition to transfer custody of the parties' infant son, James, from the mother to the father.

Ordered that the order is affirmed, with costs.

The parties were married in 1972 and separated in 1988. They have four children, including James, who was born in 1984. Only James is the subject of this appeal.

It is well established that the totality of the circumstances

is to be considered in determining whether custody should be changed *(see, Eschbach v Eschbach,* 56 NY2d 167). The trial court's determination is to be accorded great deference and will not be disturbed unless it lacks a sound and substantial basis *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72). The record in the instant case supports the trial court's determination.

Significantly, the parties agreed that the mother would have custody of all four of the parties' children with liberal visitation rights to be afforded the father. In the absence of extraordinary circumstances, an agreement such as the one here, which sets forth which parent should have custody, is a weighty factor *(see, Eschbach v Eschbach, supra,* at 171). Moreover, keeping the present custody arrangement would enable James to continue to live with his siblings, an important consideration *(see, Eschbach v Eschbach, supra,* at 173).

The record contains no evidence to suggest that the mother is not a fit parent. Although she is living in a welfare hotel and receiving public assistance, the disparity between the comforts and amenities which living with the father would bring and those lesser ones provided by the mother is not determinative *(see, Matter of Ebert v Ebert,* 38 NY2d 700, 704).

The determination not to transfer custody has a sound and substantial basis in the record and we, therefore, decline to disturb it *(see, Eschbach v Eschbach, supra; Mascoli v Mascoli,* 132 AD2d 653). Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.