■ STEVEN DE ARAKIE, Appellant, v ALEXA DE ARAKIE, Respondent. [594 NYS2d 138] —Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered July 1, 1992, which, *inter alia,* denied plaintiff's motion for a change of custody of the parties' children, unanimously affirmed, without costs.

Permanent custody having been initially awarded to defendant mother (172 AD2d 398), a change should not be made except upon a showing that she is "unfit or perhaps less fit" to continue as custodian, making a change necessary in order to insure the welfare of the children *(Obey v Degling,* 37 NY2d 768, 770; *David W. v Julia W.,* 158 AD2d 1; *see also, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Rodolfo "CC" v Susan "CC",* 37 AD2d 657). The trial court's determination as to custody, where, as here, the appropriate legal standards were employed, is entitled to due deference *(David W. v Julia W., supra,* at 6).

Many of the issues plaintiff father raises were fully considered by the court in the original custody award, and neither the mother's previous frustration of the father's visitation, which was sanctioned by holding her in contempt, nor her cohabitation with her purported fiancé, ipso facto, require a change in custody. In addition, it must be shown that the children were adversely affected *(see, Gagliardo v Gagliardo,* 151 AD2d 720, 721; *Matter of Feldman v Feldman,* 45 AD2d 320). The Law Guardian that was appointed at the father's request determined that the children are happy and well adjusted in their mother's home in Florida, and that there was no evidence that they suffered any emotional or physical harm. The same factors that were found to support the original award remain compelling, and the circumstances now raised by the father do not indicate a need for change. Concur—Sullivan, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.