■ FRANK R., Respondent, v DEBORAH ANN R., Appellant. [612 NYS2d 78] —In a matrimonial action in which the parties were divorced by judgment dated June 2, 1988, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Clavin, J.H.O.), dated December 9, 1991, as, after a hearing, granted the plaintiff former husband's application for a change of custody of the parties' infant children to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

While our authority in matters of custody is as broad as that of the trial court, the determination as to whether a custody award should be modified depends to a great extent upon an assessment of the credibility and character of the parties. Thus, we treat the trial court's findings with great respect (see, Matter of Sullivan v Sullivan, 190 AD2d 852). Upon a review of the record in light of the factors enumerated in Eschbach v Eschbach (56 NY2d 167), we find that the court correctly determined that the best interests of the children would be served by changing custody from their mother to their father.

Although the court-appointed psychologist recommended that custody remain with the mother, his recommendation was based, in part, on certain misrepresentations made to him which would have affected this recommendation if they had been made known to him at the time of his examination. For example, the psychologist based his recommendation, in part, upon the fact that the mother resided in a house and in a neighborhood which were familiar to the children. However, the mother testified that her continued residence in that house was threatened by: (1) a failure to meet mortgage payment obligations for several months, and (2) litigation

between herself and the co-owner of the house regarding its title. Nor was the psychologist aware in making his recommendation that the mother had a succession of live-in paramours and that domestic violence had occurred in her home in the presence of the children necessitating police intervention on about 12 occasions.

The evidence adduced at the hearing also showed that the mother substantially interfered with the relationship between the children and their father (see, Gagliardo v Gagliardo, 151 AD2d 720; Leistner v Leistner, 137 AD2d 499). She frequently denied the father visitation as well as telephone contact with the children and unsuccessfully tried to bar the father from attending each child's "First Holy Communion" ceremony. The mother also objected to the father's participation in one of the children's "Little League" activities and failed to keep him apprised of the children's schooling and health. Lastly, there was evidence which suggested that the children were excessively absent from school (see, Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 948).

We have reviewed the mother's remaining arguments and find them to be without merit. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.