■ In the Matter of BENJAMIN PEREZ, Respondent, v GRISSEL M. SEPULVEDA, Appellant. [799 NYS2d 903]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Richroath, J.), dated April 30, 2004, which, after a hearing, inter alia, awarded permanent legal and physical custody of the subject child to the father and established a visitation schedule for her.

Ordered that the order is affirmed, without costs or disbursements.

Where, as here, the parents seem equally able to provide for the intellectual and material needs of the child, "the effect that an award of custody to one parent might have on the child's relationship with the other parent" is a crucial factor (*Bliss v Ach,* 56 NY2d 995, 998 [1982]; *see Young v Young,* 212 AD2d 114 [1995]; *Janecka v Franklin,* 150 AD2d 755, 757 [1989]). The mother's denigration of the child's father, deliberate interference with the father's visitation rights, and uncorroborated and unfounded allegations of abuse against the father is conduct so inconsistent with the best interests of the child as to per se raise a strong probability that she is unfit to act as a custodial parent (*see Young v Young, supra*; *Matter of Wolfer v Wolfer,* 183 AD2d 903 [1992]; *Janecka v Franklin, supra*). Accordingly, the Family Court's determination awarding the father custody was a provident exercise of discretion.

The mother's remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur. [*See* 4 Misc 3d 1005(A), 2004 NY Slip Op 50664(U) (2004).]