*595 OPINION OF THE COURT
Michael L. Hanuszczak, J.
On February 16, 2012, the father filed a petition in the above-titled proceeding seeking an order granting him primary physical custody of a child born on August 22, 2011 and a schedule for parental access to the mother. On March 19, 2012, the mother filed a cross petition seeking sole legal custody of the child. Each of the parents is represented by an attorney and, in accordance with section 249 of the Family Court Act, the court determined that it was appropriate to appoint an attorney for the child to ensure that the child had legal representation during the custody proceeding.
At the initial court appearances, the parents and the Attorney for the Child agreed upon a temporary order in which the child was to remain in the physical custody of the mother and the father was to have the child on alternate weekends and from Wednesday afternoons through Thursday mornings.
The proceeding was set down for trial on July 31, 2012. However, on July 20, 2012, the attorney for the father filed a motion seeking a court order compelling the attendance at trial of [redacted], M.D., who is an employee at the VA Medical Center in Syracuse and who is the father’s physician. The motion was returnable on July 26, 2012 and was served on the VA Medical Center, as well as the opposing attorneys.
At the motion return date in court on July 26, 2012, the attorney for the father argued in favor of a court order compelling the testimony of the father’s physician, who is the father’s treating psychiatrist. The attorney stated that the testimony would be “relevant, . . . probative, . . . important, and . . . compelling.” Significantly, he noted to the court that the father had signed a medical release permitting the doctor to testify.
The attorney for the mother and the Attorney for the Child also argued in favor of the motion, stating that the psychiatrist has information which is important to the custody determination, as they had previously raised concerns about the father’s mental and physical health.
The Department of Veterans Affairs (VA) was represented by counsel from the Office of the United States Attorney for the Northern District of New York. Counsel provided the court and the other attorneys with a letter memorandum of law, dated July 25, 2012, which explained the position of the VA in denying testimony by the psychiatrist.
*596 The Assistant U.S. Attorney (AUSA) claimed that the Family Court, which is a state court, does not have the authority to compel the employee of the VA, which is a federal agency, to testify in his official capacity as an employee. Counsel cited a 1951 United States Supreme Court decision which held that federal agencies have the power to restrict the testimony of their employees under agency regulations. Counsel stated that the VA had denied the request for the psychiatrist’s testimony pursuant to an analysis conducted in accordance with its own regulations and that the psychiatrist would be fired if he complied with the subpoena. Counsel also stated that an application would be filed in the federal court if this court signs a subpoena for the psychiatrist’s testimony.
The AUSA asserted that other United States Supreme Court decisions have held that an agency employee may not be held in contempt of court if he or she disobeys a court order to testify after being denied permission to do so by the agency.
The AUSA also stated that the agency had proposed a compromise to the father’s attorney in which the VA would make the father’s medical records available to his attorney and/or another mental health professional and would authorize the VA psychiatrist to meet with any mental health professional retained by the father.
The court notes that this compromise was not acceptable to any of the attorneys involved in the custody proceeding.
After hearing the oral arguments, the court reserved its decision on the motion to compel to afford the attorneys an opportunity to review and respond in writing to the AUSA’s letter memorandum.
On August 14, 2012, the attorney for the father filed a letter memorandum in response to the VA’s position. He stated that the father was honorably discharged from the U.S. Marine Corps and is 100% service-connected disabled. He stated that the VA psychiatrist treats the father for posttraumatic stress disorder (PTSD) and a “bad back,” sees the father for weekly appointments, and prescribes his medications. The attorney argued that, under these circumstances, the testimony of the treating physician is vital in this custody proceeding, where the physical and mental health of each parent is a factor which must be analyzed prior to making a custody determination. Indeed, the attorney argued that his client will be deprived of his constitutional right to parent his child if he cannot secure the testimony of his doctor at trial to provide information which will support his application for custody.
*597 The attorney for the father stated that the VA’s analysis of whether to permit the psychiatrist to testify was flawed and an abuse of discretion in that only some of the factors under the applicable VA regulation (38 CFR 14.804) were applied. He stated that the father has waived his physician-patient privilege and that the psychiatrist has indicated a willingness to testify.
The attorney for the father rejected the offer by the VA to release the father’s medical records or to permit the psychiatrist to speak with another physician. He also pointed out to the court that records may be introduced into evidence but they are not capable of responding to either direct questioning or cross-examination. Similarly, he stated that the testimony of a physician who had never treated the father would be of very little probative value.
Finally, the attorney stated that he welcomes the opportunity to demonstrate the necessity and relevance of the psychiatrist’s testimony in a federal court, should an application be filed there.
On August 15, 2012, the Attorney for the Child (AFC) filed a letter memorandum in reply to the AUSA’s letter memorandum. The AFC stated that there are allegations that the father suffers from episodes involving rage and stress and that it is imperative that the court receive evidence on these issues, including any “triggering” events or actions, to safeguard the well-being of her client.
The AFC also questioned whether a VA official can be held in contempt of court for refusing to allow the psychiatrist to testify in this trial without claiming privilege.
The AFC cited a provision of VA regulation 38 CFR 14.808 which states that permission to testify may be granted in cases in which the requestor or a court shows that there are “exceptional circumstances” if the testimony is not adverse to the interests of the VA or the United States (38 CFR 14.808 [a]).
In closing, the AFC stated that the psychiatrist’s testimony and records will play a crucial role in determining the best interests of her client at trial.
On August 21, 2012, the AUSA submitted another letter memorandum arguing that “the agency’s perspective is — of necessity — a broader one” than that offered to the court by the attorney for the father or the AFC because the agency must take into account the cumulative effect of granting such requests for the testimony of its employees. Counsel stated that the basic *598 principles of federalism and sovereign immunity deprive the Family Court of any authority to issue an order holding a federal agency official in contempt for refusal to permit the testimony of an employee. Counsel also analyzed the relevance of the psychiatrist’s testimony and pontificated that it would be of less probative value than supposed by the attorneys.
Decision of the Court
As a preliminary matter, although the attorneys have raised a number of issues in their memoranda, the court will limit its determination in this decision on whether to issue a subpoena compelling the VA psychiatrist to testify at trial. This determination of this question is a case of first impression in the Family Court.
There are several undisputed facts before the court at this time: in his pending petition the father is seeking primary physical custody of his daughter who is currently one year old; the father is a military veteran who is considered to be 100% disabled and who suffers from a back problem and PTSD; a psychiatrist from the VA hospital in Syracuse sees the father on a regular basis and prescribes medication for him; the father has waived the physician-patient privilege and consented in writing to the release of his medical records and to the testimony of his psychiatrist at the custody trial; and the Veterans Affairs Department has refused to permit the psychiatrist to testify at trial.
In making a custody determination under New York statutes, decisional law, and public policy, it is well settled that the court will analyze the best interests of the child based upon testimony and other proofs in connection with the following factors at a minimum: prior judicial determinations/prior agreements of the parties; length of time of current custodial arrangement; parental fitness/stability (physical, psychological, financial); domestic violence; parent/child relationship (availability of parent, care and affection shown to child, guidance shown to child); provision for child’s educational, intellectual, emotional development; quality of home environment; attitude toward other parent and that parent’s relationship with child; defiance of legal process (abduction, violation of court orders); wishes of the child based upon age, maturity and potential for being influenced; and keeping siblings together (Domestic Relations Law § 240; Family Ct Act § 651; Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]).
*599 It is also well settled that it is reversible error if a court declines to obtain the testimony of an expert witness that is necessary to make a decision on custody (Matter of Kosinski v Mahoney, 207 AD2d 1014 [4th Dept 1994]; Giraldo v Giraldo, 85 AD2d 164 [1st Dept 1982]; Mascoli v Mascoli, 132 AD2d 653 [2d Dept 1987]).
Under the undisputed facts of this custody proceeding, the court finds that the testimony of the father’s treating psychiatrist would be necessary and relevant to its best interests of the child analysis, assuming his credentials qualify him within his field of expertise.
Inasmuch as one of the missions of the VA is to provide medical assistance to those who have served in the military, their current policy in this case may have a “chilling effect” on the willingness of other veterans to seek medical assistance from the VA if the VA will not permit physicians to testify even though requisite releases have been executed by the patients.
This court does not desire to interfere in the Veterans Affairs Department’s discretion to exercise its responsibilities under law and regulation, as puzzling and disturbing as some of the reasons for its decision may be in regards to this case.
However, a Family Court Judge takes an oath to discharge responsibilities authorized under article VI of the New York Constitution, and those duties are no less weighty than those of the Veterans Affairs Department.
Unlike a bureaucratic organization able to apply a so-called “broad” perspective to a legal question, this court — of a necessity — hears and determines the welfare of the families before it one case at a time. This court intends to exercise its judicial authority in accordance with statutory and decisional law to do just that.
It comes down to the safety of a child as balanced against the convenience of an organization.
Adjudged that the motion to compel the testimony of the VA psychiatrist at trial is granted; and it is ordered that the attorney for the father is directed to submit a judicial subpoena containing the testimonial and duces tecum clauses to the court for signature for trial on October 16, 2012 at 9:30 a.m. and any recessed or adjourned date of the trial, including a notification that the court will make every attempt to consult the convenience of the witness for the date and time of testimony; and it is further ordered that service of this order on motion by mail *600 upon the attorneys, including counsel for the VA, is deemed acceptable.