■ VIRGINIA ROSENBERG, Respondent, v ROBERT ROSENBERG, Appellant. [44 NYS3d 489]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), dated August 21, 2014. The judgment of divorce, upon a decision of that court dated January 25, 2012, made after a nonjury trial on the issue of custody, and upon a decision of that court dated June 25, 2013, made after a nonjury trial on the issues of, inter alia, equitable distribution and child support, and upon an order of that court dated July 24, 2013, granting, in part, the plaintiff's application for attorneys' fees, among other things, awarded sole custody of the parties' children to the plaintiff, made an equitable distribution of the parties' marital assets, directed the defendant to pay child support in the sum of $2,182 per month, directed that the defendant is solely responsible for repaying the balance of a home equity line of credit, and directed the defendant to pay a certain attorney's fee in the sum of $128,741.86.

Ordered that the judgment of divorce is modified, on the facts and in the exercise of discretion, (1) by adding a provision thereto crediting the defendant in the sum of $41,000, representing his equitable share of the equity in the marital home, (2) by deleting the provision thereof directing that the defendant is solely responsible for repaying the balance of the home equity line of credit, and substituting therefor a provision directing that the parties are equally responsible for repaying the balance of the home equity line of credit, and (3) by deleting the provision thereof directing the defendant to pay a certain attorney's fee in the sum of $128,741.86, and substituting therefor a provision directing the defendant to pay the sum of $80,000 for that attorney's fee; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order dated July 24, 2013, is modified accordingly.

The parties were married on January 30, 2003, and have two children together. In 2009, the parties separated, and the defendant moved out of the marital residence. The children continued to live with the plaintiff in the marital residence. In October 2009, the plaintiff commenced this action for a divorce and ancillary relief. In 2012, the Supreme Court conducted a nonjury trial on the issue of custody, and found that the plaintiff should be awarded sole custody of the children.

Thereafter, the court conducted a separate nonjury trial, inter alia, on the issues of equitable distribution and child support. In an order dated July 24, 2013, the Supreme Court granted, in part, the plaintiff's application for attorneys' fees. A judgment of divorce was issued on August 21, 2014. The defendant appeals from stated portions of the judgment.

Contrary to the defendant's contention, the Supreme Court properly awarded sole custody of the children to the plaintiff. The essential consideration in making an award of custody is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). " 'In making an initial custody determination, the courts must consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Jin C. v Juliana L.*, 137 AD3d 1061, 1062 [2016], quoting *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011] [internal quotation marks omitted]). Here, the Supreme Court's determination to award sole custody of the children to the plaintiff has a sound and substantial basis in the record and will not be disturbed (*see Jin C. v Juliana L.*, 137 AD3d at 1063).

Contrary to the defendant's contention, the Supreme Court's determination on the issue of child support is supported by the record. " 'A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed' " (*Elsayed v Edrees*, 141 AD3d 503, 505 [2016], quoting *Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]). " 'This is particularly true when . . . the record supports a finding that the appellant's reported income on his [or her] tax return is suspect' " (*Matter of Maharaj-Ellis v Laroche*, 54 AD3d 677, 677 [2008], quoting *Matter of Westenberger v Westenberger*, 23 AD3d 571, 571 [2005]). Here, the court's imputation of income to both the plaintiff and the defendant was a provident exercise of discretion (*see Elsayed v Edrees*, 141 AD3d at 505; *Taylor v Taylor*, 140 AD3d 944, 947 [2016]).

Contrary to the defendant's contention, the Supreme Court properly determined that a boat acquired during the marriage was marital property. "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the

property in dispute is separate property" (*Bernard v Bernard*, 126 AD3d 658, 659 [2015] [internal quotation marks omitted]). Here, the defendant's testimony that the funds used to acquire the boat were his separate property, unsupported by documentary evidence, was insufficient to overcome the marital presumption (*see Marshall v Marshall*, 91 AD3d 610, 611 [2012]; *Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]; *D'Angelo v D'Angelo*, 14 AD3d 476, 477 [2005]).

The Supreme Court awarded the marital home, which had been titled in both parties' names, to the plaintiff. The parties had purchased the marital home in 2003, using $118,000 of the plaintiff's premarital separate funds in addition to the proceeds of a mortgage loan. The court determined that at the time of the trial, the home was worth $525,000, and noted that the defendant's updated net worth statement dated March 19, 2012, indicated that the home was encumbered to the extent of $325,000. Where a marital asset was acquired, in part or in whole, with separate property funds, "courts have usually given the spouse who made the separate property contribution a credit for such payment before determining how to equitably distribute the remaining value of the asset" (*Fields v Fields*, 15 NY3d 158, 167 [2010]). Here, we agree with the defendant that, under the circumstances of this case, after crediting the plaintiff with $118,000 of her separate funds that were used for the down payment, the court should have credited the defendant with half of the remaining $82,000 in equity in the marital home, or the sum of $41,000.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing that the defendant be solely responsible for the balance of a home equity line of credit on the marital residence. "In general, financial obligations incurred during the marriage which are not solely the responsibility of one party should be shared equally by the parties" (*Alleva v Alleva*, 112 AD3d 567, 569 [2013]; *see Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]). Accordingly, the Supreme Court should have directed that the parties be equally responsible for the balance of the home equity line of credit.

" 'The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad' as that of the trial court" (*Black v Black*, 140 AD3d 816, 816 [2016], quoting *Tarantina v Gitelman*, 136 AD3d 663, 663 [2016] [internal quotation marks omitted]). " 'In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case

as a whole, including the relative merits of the parties' positions,' and whether either party has delayed the proceedings or engaged in unnecessary litigation" (*Black v Black*, 140 AD3d at 816-817, quoting *Matter of Weiss v Rosenthal*, 135 AD3d 780, 781 [2016]). The judgment appealed from, upon the order dated July 24, 2013, contains several awards of attorneys' fees, including an award to the plaintiff in the sum of $128,741.86 for fees charged by the plaintiff's current attorneys. In light of the overall financial circumstances of the parties and the circumstances of the case as a whole, we deem it appropriate to reduce the award of $128,741.86 to the sum of $80,000 (*see Frates v Frates*, 142 AD3d 582, 584 [2016]).

The defendant's remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.