■ Bonnie Spence-Burke, Appellant, v Kevin Burke, Respondent. [52 NYS3d 477]—

Appeal by the plaintiff from an interlocutory judgment of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered June 16, 2015. The interlocutory judgment, insofar as appealed from, upon a decision of the same court dated April 23, 2015, made after a nonjury trial, awarded the defendant physical custody of the parties' child during the school year and visitation during summer break, as well as decision-making authority over the child's education and school-year extracurricular activities, and awarded the plaintiff physical custody of the child during summer break and visitation during the school year, as well as decision-making authority over the child's religious activities and healthcare.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The parties married in 1996 and several years later adopted their child when he was approximately 18 months old. In 2010, the plaintiff commenced this action for a divorce and ancillary relief. During the pendency of the action, the plaintiff had

temporary custody of the child, and the defendant had parenting time on Thursday evenings and alternating weekends. The trial evidence demonstrated, inter alia, that the child had been late to or absent from school 92 times for the three school years preceding the trial, during which time the plaintiff had custody of the child on weekday mornings. There was also evidence that the plaintiff interfered in the relationship between the child and the defendant. Furthermore, the court-appointed forensic psychologist opined that both parties were fit, caring parents, but that they were unable to work together. Thus, the forensic psychologist recommended that the parties be awarded equal parenting time and that they be granted decision-making authority in separate areas of the child's life.

In the interlocutory judgment appealed from, the Supreme Court awarded the defendant physical custody of the child during the school year and awarded the plaintiff physical custody of the child during summer break. Each party was awarded visitation when the other party had physical custody of the child. The court further awarded the defendant decision-making authority over the child's education and school-year extracurricular activities, and awarded the plaintiff decision-making authority over the child's religious activities and healthcare. The plaintiff appeals.

"Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved" (*Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d 946, 948 [2016]). "Therefore, the [trial] court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (*id.* at 948).

"In making an initial custody determination, the courts must consider the best interests of the child" (*Rosenberg v Rosenberg*, 145 AD3d 1052, 1054 [2016] [internal quotation marks omitted]), which "are determined by a review of the totality of the circumstances" (*Bressler v Bressler*, 122 AD3d 659, 659 [2014]). Factors relevant to this best interests analysis include "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Rosenberg v Rosenberg*, 145 AD3d at 1054 [internal quotation marks omitted]; *see Matter of Doyle v Debe*, 120 AD3d 676, 681 [2014]; *Janecka v Franklin*, 150 AD2d 755, 757 [1989]). A child's excessive absences from school may also be relevant to the best interests

analysis (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 948 [1985]; *Matter of Pecore v Pecore*, 34 AD3d 1100, 1101-1102 [2006]; *Matter of Crocker v Crocker*, 307 AD2d 402, 403 [2003]; *Frank R. v Deborah Ann R.*, 204 AD2d 615, 616 [1994]). Contrary to the plaintiff's contention, the Supreme Court's award of physical custody of the child to the defendant during the school year was supported by a sound and substantial basis in the record (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d at 948). The evidence demonstrated that both parties were fit, loving parents who should have equal parenting time if possible, but that because they could not work together to make decisions for the child, it was necessary to award them decision-making authority in separate areas of the child's life. Under the totality of the circumstances, it was in the child's best interests to be in the defendant's physical custody during the school year, as the child was late to or absent from school an excessive number of times while under the plaintiff's temporary custody, and the evidence showed that the plaintiff had failed to foster a relationship between the child and the defendant (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d at 948; *Matter of Doyle v Debe*, 120 AD3d at 681; *Matter of Pecore v Pecore*, 34 AD3d at 1101-1102; *Matter of Crocker v Crocker*, 307 AD2d at 403; *Frank R. v Deborah Ann R.*, 204 AD2d at 616; *Janecka v Franklin*, 150 AD2d at 757). In contrast, the defendant testified that when he had previously been responsible for driving the child to school, the child was never late to school. The defendant further testified that he would foster a relationship between the child and the plaintiff if awarded custody, and we defer to the court's decision to credit that testimony (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d at 948). The court correctly gave more weight to the child's needs to attend school regularly and on time and to have relationships with both parties than to the child's expressed preference to continue living with the plaintiff (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d at 948; *Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Rosenberg v Rosenberg*, 145 AD3d at 1054; *Bressler v Bressler*, 122 AD3d at 659; *Frank R. v Deborah Ann R.*, 204 AD2d at 616). Because the court did not credit the plaintiff's allegations of abuse, it was not required to consider the effects of such alleged violence upon the child (*see Bressler v Bressler*, 122 AD3d at 660). The court's allocation of decision-making authority between the parties was also supported by a sound and substantial basis in the record (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d at 948).

The plaintiff waived the right to challenge the Supreme

Court's decision to bifurcate the custody and economic portions of the trial, as her attorney consented to that procedure (*cf. Matter of Bowe v Bowe*, 124 AD3d 645, 645 [2015]; *Matter of Jeffrey D.*, 41 AD3d 845, 846 [2007]; *Matter of Michael T.*, 305 AD2d 610, 611 [2003]).

At trial, the plaintiff sought to admit uncertified medical records from the child's pediatrician's office. Of these records, several entries were written by Innis O'Rourke, a physician who testified at trial, and the remaining entries were written by nontestifying physicians who worked in the same medical practice as Dr. O'Rourke. The Supreme Court precluded the entries written by the nontestifying physicians on the basis that Dr. O'Rourke was permitted to lay a foundation under CPLR 4518 (a) only for the entries that he had written. This was error, as a physician is permitted to lay a foundation under CPLR 4518 (a) even for entries that he did not personally enter into a patient's medical records (*see McClure v Baier's Automotive Serv. Ctr.*, 126 AD2d 610, 610 [1987]; *Walker v State of New York*, 111 AD2d 164, 165 [1985]). However, reversal is not warranted because it cannot be said that such evidence, had it been admitted, probably would have had a substantial influence upon the result of the trial (*see* CPLR 2002; *Walker v State of New York*, 111 AD2d at 165).

The plaintiff's remaining contention is without merit. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.