■ In the Matter of SABINA WOLFER, Also Known as SABINA DAME, Appellant, v LINDSEY WOLFER, Respondent. (Proceeding No. 1.) In the Matter of LINDSEY WOLFER, Respondent, v SABINA WOLFER, Also Known as SABINA DAME, Appellant. (Proceeding No. 2.)—In consolidated custody and visitation proceedings, the mother appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered September 30, 1991, which, after a hearing, denied her petition to modify visitation and granted the father's petition for a transfer of custody to him.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof which granted the father's petition for a transfer in custody, and substituting therefor a provision denying the father's petition; as so modified, the order is affirmed, without costs or disbursements.

During the course of a divorce action, the parties entered into an agreement dated October 26, 1989, pursuant to which the mother was to have custody of the parties' only child, born January 31, 1984, and the father was to have certain specified visitation. A judgment of divorce incorporating those provisions was entered January 18, 1990. A year and a half later, the mother sought to modify the agreed-upon visitation schedule, so as to reduce the father's visitation rights. The father then petitioned the court for a transfer of custody to him.

The Family Court, finding that the mother had purposefully interfered with the father's visitation rights, transferred custody of the child to the father. That was error.

While the court properly stated that a custodial parent who improperly interferes with visitation may be penalized and otherwise viewed as unfit (*see, Leistner v Leistner,* 137 AD2d 499, 500; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Entwistle v Entwistle,* 61 AD2d 380), the facts of this case do

not justify that result at this time. We note that the mother has been the child's principal custodian pursuant to a voluntary agreement between the parties and for a large part of the child's life. The Court of Appeals has observed that, "[t]he courts should be reluctant to transfer custody of young children who have been with their mother since birth" *(Aberbach v Aberbach,* 33 NY2d 592, 593). Moreover, the Family Court did not find the mother to be an unfit parent. To the contrary, the court found that she participated with the child in educational and other activities that were suitable for a boy of his age and maturity, and that she and the father were equally capable of tending to the child's daily physical needs.

Accordingly, we reverse the Family Court's determination transferring custody of the child to the father. However, we note that the mother has shown herself to be uncooperative in affording the father meaningful visitation. This conduct is detrimental to the child's best interests and to the father's right to visitation and to the furtherance of a good father-son relationship. Although we do not believe that the mother's conduct rises to the level justifying a change in custody, we take this opportunity to caution her that her conduct brings her perilously close to a transfer, and that if it continues, her conduct might warrant a transfer *(see, Leistner v Leistner, supra; Matter of Merchant v Merchant,* 96 AD2d 538).

The visitation schedule set forth in the October 26, 1989, stipulation of settlement shall remain in effect. Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.