■ In the Matter of MARY CUCINELLO, Appellant, v JAMES CUCINELLO, Respondent. [651 NYS2d 93] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Shapiro, J.), dated July 25, 1995, as granted permanent custody to the respondent father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On this appeal from a dispositional order, the mother challenges an order of the Family Court granting temporary custody of the parties' child to the father on the ground that it was issued in the absence of a hearing. While it is true that " 'custody determinations should be made only after a full and fair hearing * * * at which the record is fully developed' " *(Audubon v Audubon,* 138 AD2d 658), the mother failed to seek redress with regard to any alleged impropriety in the temporary order. In any event, the order granting the father temporary custody of the child was superseded by the permanent order awarding custody to him *(see, Schapiro v Schapiro,* 27 AD2d 667), and is no longer of any effect *(see, Flynn v Flynn,* 124 AD2d 699). Any alleged defect in the temporary order does not render defective the permanent order, which was properly based upon a full and fair hearing.

The permanent order of custody, from which the appeal is taken, is fully supported by the record. Following the close of testimony, the court stated on the record, *inter alia,* that it found the mother's allegations that the father had injured the child to be baseless, and that by making such accusations the mother had needlessly subjected the child to an investigation by Children's Protective Services, thus placing her own interests above those of the child. The court also credited the testimony of the court-appointed psychiatrist and that of several police officers that the mother had, on occasion, behaved in an irrational manner. The court complied with the requirement in CPLR 4213 (b) that it set forth the facts upon which its decision was based, and there is no reason to disturb its findings.

We have reviewed the mother's remaining contentions and conclude that they are without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.