■ In the Matter of LAURA J. PLITNICK, Respondent, v ROBERT K. OLIVER, Appellant. [670 NYS2d 364] —In a proceeding pursuant to Family Court Act article 8 to modify an order of the Family Court, Orange County, dated June 28, 1993, concerning custody of the parties' child, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Tolbert, J.), entered September 1, 1995, as awarded sole custody to the mother and denied his cross petition for sole custody. The father's notice of appeal from a decision dated July 27, 1995, is deemed a premature notice of appeal from the order entered September 1, 1995 (see, CPLR 5520 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly determined that the prior order of the Family Court, Orange County, should be modified, since joint custody requires relatively stable, amicable parents behaving in a mature, civilized fashion (see, Braiman v Braiman, 44 NY2d 584, 589-590; see also, Bliss v Ach, 56 NY2d 995). Based on the applications of both parents for sole custody of their daughter, as well as their hearing testimony, it is clear that joint custody could not succeed as a court-ordered arrangement since the acrimony between the mother and the father made it impossible for them to agree on the best interests of the child (see, Braiman v Braiman, supra; Matter of Sooy v Sooy, 101 AD2d 287, 288, affd sub nom. Matter of Louise E. S. v W. Stephen S., 64 NY2d 946).

Moreover, while a custodial parent who improperly interferes with visitation may be penalized and otherwise viewed as unfit

(*see, Leistner v Leistner,* 137 AD2d 499), the facts of this case do not justify that result at this time. Rather, the evidence revealed that it was in the best interests of the child to remain with the mother, who has been with the child since birth and is not an unfit parent (*see, Matter of Wolfer v Wolfer,* 183 AD2d 903; *see also, Friederwitzer v Friederwitzer,* 55 NY2d 89, 96; *Kuncman v Kuncman,* 188 AD2d 517, 518; Klat v Klat, 176 AD2d 922, 923).

The father's remaining contention is without merit. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.