■ In the Matter of MICHELE CORYEA, Appellant, v DAVID B. ALLEN, Respondent. [691 NYS2d 829] —Order unanimously affirmed without costs. Memorandum: The parties were married in 1989, and their only child was born in 1989. By agreement of the parties, incorporated in the divorce decree dated March 19, 1992, the parties had joint custody of the child, with primary physical placement with petitioner and liberal visitation

to respondent. The child developed behavioral problems in school during kindergarten, and despite efforts by petitioner to work with the school, the problems escalated through first grade. The child was diagnosed with attention deficit disorder and was prescribed Ritalin. Neither parent wanted the child to take Ritalin at that time, deciding to try other methods of behavior modification. In the spring of 1996, the parties agreed to allow the child to live with respondent, to determine whether respondent was better able to cope with the child's ongoing problems. A few weeks after the child went to live with respondent, the parties agreed to allow the child to take Ritalin. His behavior improved, and he was doing much better in his new school. He passed first grade, although he had been in danger of being held back in his former school. Petitioner decided that she wanted the child returned to her, but respondent refused, contending that the child was doing better and should continue to reside with respondent. This custody proceeding was commenced. During the pendency of the proceeding, the child continued to reside with respondent, successfully completed second grade and commenced third grade prior to the custody hearing. Following the hearing, Family Court concluded that the child should continue to reside with respondent.

The court's primary consideration in determining custody is the best interests of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Moon v Moon*, 120 AD2d 839). The court should consider the continuity and stability of the present custody arrangement, the quality of the home environments, the ability of each parent to provide for the child's emotional and educational needs, the financial status and ability of each parent to provide for the child, the expressed desires of the child and the need of the child to live with siblings (*see, Fox v Fox*, 177 AD2d 209, 210). Although a prior custody arrangement is not determinative, it is an important factor, and will be continued unless there is an indication that "a change in custody will substantially enhance the child's welfare" (*Matter of Clary v Bond*, 186 AD2d 869, 870). The determination of the trial court, which heard and observed the witnesses, is entitled to great deference unless it lacks a sound and substantial basis in the record (*see, Matter of Kamholtz v Kovary*, 210 AD2d 813, 814; *Fox v Fox, supra*, at 211-212).

The court determined that both parties were fit parents and were able to provide a proper home for the child. Although petitioner had primary physical placement of the child for five years, the parties agreed to change primary physical placement to respondent; therefore, the first custody arrangement is

not entitled to the same weight to which it would have been entitled had the child remained with petitioner. The court's determination that respondent was better meeting the child's educational needs is supported by the record. The court also properly considered the strong relationship between the child and his half sister, respondent's daughter, in concluding that the child should reside with respondent (*see, Fox v Fox, supra,* at 210). (Appeal from Order of Steuben County Family Court, Bradstreet, J.—Custody.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.