■ In the Matter of TIMOTHY L. CHEBUSKE, Respondent, v DENISE A. BURNHARD-VOGT, Appellant. [726 NYS2d 697] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated June 8, 2000, which, after a hear-

ing, granted the petition and transferred custody of the parties' child from her to the father.

Ordered that the order is reversed, on the law and the facts, without costs and disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner father and the appellant mother are the parents of Jessica Chebuske, born August 9, 1995. The mother and father, who were never married to each other, lived together in the father's house when Jessica was born. In 1997 they separated and Jessica remained in the sole custody of her mother. Approximately five months after moving out of the father's house, the mother relocated with Jessica from her apartment without notifying the father of her whereabouts. The father then filed the instant petition for custody of the child.

At a hearing that was conducted over the course of 16 months, the parties presented testimony which, as the Family Court noted in its detailed decision, "was diametrically in opposition to one another." After the hearing, the Family Court transferred custody from the mother to the father, notwithstanding the recommendation of both the Law Guardian and the court-appointed forensic examiner to maintain custody with the mother. That was error.

The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child (see, Domestic Relations Law § 70; Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of McCoy v McCoy, 277 AD2d 384; Matter of Maurasse v Price, 277 AD2d 240). On appeal, the appellate court's authority is as broad as that of the hearing court (see, Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 947; Young v Young, 212 AD2d 114). Thus, while deference should be afforded the hearing court, which observed witnesses and evaluated evidence first hand (see, Eschbach, supra, at 173; Matter of Ebert v Ebert, 38 NY2d 700, 703; Matter of Rosiana C. v Pierre S., 191 AD2d 432, 433), the "appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record, and indeed, is contrary to the weight of the credible evidence" (Matter of Gloria S. v Richard B., 80 AD2d 72, 76).

Here, the Family Court improperly disregarded the unequivocal conclusions and recommendations of the court appointed forensic examiner, the only disinterested party who interviewed

all of the parties and the child, that the best interests of the child would be served by allowing custody to remain with the mother (*see, Young v Young, supra; Linda R. v Richard E.,* 162 AD2d 48). The Family Court placed undue emphasis on the recommendations of the father's expert witnesses. Those recommendations were concededly made without interviewing either the mother or the child, and were limited to only evaluating the father's fitness to serve as a custodial parent (*see, Young v Young, supra; Linda R. v Richard E., supra*). Thus, notwithstanding the deference to be accorded the findings of the Family Court on review, in the instant case, that determination must be reversed as lacking a sound and substantial basis in the evidence presented.

The mother, however, would be well advised that interference with the relationship between a child and a noncustodial parent by the custodial parent has been said to be so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as custodial parent (*see, Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). Thus, a change of custody is appropriate if her conduct as custodial parent deliberately frustrates, denies, or interferes with the father's visitation rights (*see, Wolfer v Wolfer,* 183 AD2d 903; *Coyne v Coyne,* 150 AD2d 573).

Moreover, in view of the parties' complete inability to communicate effectively with one another and the potentially harmful effect this could have on the child, the parties should seek an appropriate form of therapy as recommended by both the court-appointed forensic examiner and Law Guardian (*see, Coyne v Coyne, supra*). Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.