■ In the Matter of JEANETTE JOHNSTON, Respondent, v PAUL BRIDENBECKER, Appellant. [752 NYS2d 496] —Appeal from an order of Family Court, Oneida County (Flemma, J.H.O.), entered November 26, 2001, which, inter alia, awarded sole custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner filed a petition seeking modification of a custody order less than two weeks after entry of that order. Family Court rejected the contention of petitioner that she had not received notice of the prior custody proceeding commenced by respondent but nevertheless granted the petition based upon its determination that it is in the best interests of the parties' two children to transfer custody from respondent to petitioner. We conclude that petitioner failed to meet her heavy burden of establishing that the change in custody is in the best interests of the children (*see Fox v Fox,* 177 AD2d 209, 210). Thus, we conclude that the court's determination "lacks a sound and substantial basis in the record" (*Matter of Coryea v Allen,* 262 AD2d 1023, 1024, *lv denied* 94 NY2d 751). Although the children expressed a desire to live with petitioner in Ohio, the "established custodial arrangement should not be changed solely to accommodate the desires of the child[ren]" (*Fox,* 177 AD2d at 211). Both parties are employed, have appropriate home environments and are loving and involved parents (*see generally id.* at 210). Furthermore, "[a]lthough a prior custody arrangement is not determinative, it is an important factor, and will be continued unless there is an indication that 'a change in custody will substantially enhance the child's welfare' " (*Coryea,* 262 AD2d at 1024). The children had resided with petitioner until she advised respondent in May 2000 by means of a written note handed to respondent when he picked up the children for a weekend visit that she was moving to Ohio and that the children would therefore live with him. Respondent then filed his custody petition in December 2000, and

the prior order granting him custody was entered in February 2001. The fact that petitioner previously had custody of the children "is not entitled to the same weight to which it would have been entitled had the child[ren] remained with petitioner" (*id.* at 1024-1025). In light of our conclusion, we do not address respondent's remaining contentions. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.