■ In the Matter of JOSEPH FALLARINO, Respondent, v SHARON AYALA, Appellant. (Proceeding No. 1.) In the Matter of SHARON AYALA, Appellant, v JOSEPH FALLARINO, Respondent. (Proceeding No. 2.) [838 NYS2d 176]—

In related child custody proceedings pursuant to Family Court Act article 6 to modify an order of custody, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Brennan, J.), dated December 20, 2004, as, after a hearing, dismissed with prejudice her petition for custody of the subject child in proceeding No. 2.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child (*see Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]; *Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]). The

best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]). In this regard, the court should consider whether the alleged changed circumstances indicate one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 381 [2004]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]). The hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]).

Here, the Family Court's determination that there should be no change of custody has a sound and substantial basis in the record and will not be disturbed. Although it was improper for the father to interfere with visitation, his uncooperative behavior was not sufficient to justify a change of custody. Rather, the evidence indicates that it was in the best interests of the child, who has been with the father since he was three years old, to remain with the father, who is not an unfit parent (*see Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456 [2001]; *Matter of Plitnick v Oliver*, 249 AD2d 399 [1998]; *Matter of Wolfer v Wolfer*, 183 AD2d 903 [1992]). Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.