■ In the Matter of RODOLFO GUERRA, Appellant, v SANDRA BALISTRERI, Respondent. [854 NYS2d 432]—

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances" (*Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877 [2007]; *see Eschbach v Eschbach*, 56 NY2d at 173).

In the instant case, the mother and the father both filed petitions in the Family Court, Nassau County, seeking custody of their child. The father withdrew his petition, and on July 31, 2003 the court granted the mother's petition without conducting an evidentiary hearing. On October 23, 2003 the father filed a petition in the Family Court, Queens County, seeking modification of the Nassau County order to award him custody of the child. After a full evidentiary hearing in the Family Court, Queens County, that court denied the father's petition.

The father failed to present evidence of a change in circumstances during the three-month period between the granting of the mother's custody petition in Nassau County and his petition for modification in Queens County sufficient to warrant a change in custody (*see Matter of Fallarino v Ayala*, 41 AD3d at 715). Moreover, the testimony and recommendations of the forensic examiner and the child's therapist that a change in custody would be detrimental to the well-being of the child were uncontradicted by the record and properly credited by the Family Court (*see Matter of Muller v Muller*, 221 AD2d 635, 636 [1995]). The court's determination that a change in custody would not be in the child's best interests was based upon consideration of the totality of the circumstances and had a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 171). Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.