■ In the Matter of HELEN R. GRAHAM, Appellant, v RICHARD C. THERING, SR., Respondent. [865 NYS2d 799]—

Appeal from an amended order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered April 23, 2007 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, modified a visitation provision of a prior custody and visitation order.

It is hereby ordered that said appeal from the amended order insofar as it concerned the parties' daughter is unanimously dismissed and the amended order is affirmed without costs.

Memorandum: Petitioner mother contends that Family Court

erred in refusing to modify a prior custody order by awarding her custody of the parties' two youngest children. We note at the outset that the parties' daughter has attained the age of 18, and we therefore dismiss as moot the appeal from the amended order insofar as it concerned that child (*see Matter of Krest v Kawczynski,* 9 AD3d 907 [2004]). Contrary to the contention of the mother, we conclude that the record supports the court's determination that she failed to meet her burden of establishing a sufficient change in circumstances since the entry of the prior order (*see Matter of Chase v Benjamin,* 44 AD3d 1130, 1130-1131 [2007]; *Matter of Stacey L.B. v Kimberly R.L.,* 12 AD3d 1124 [2004], *lv denied* 4 NY3d 704 [2005]; *see also Matter of Irwin v Neyland,* 213 AD2d 773 [1995]). According to the mother, she established a sufficient change in circumstances since the entry of the prior order because she "has recently acquired a new residence, and can provide a safe, stable and loving home," and because the youngest child expressed his wish to reside with her. Contrary to the contention of the mother, the court did not err in admitting testimony concerning the condition of her prior mobile home because that testimony was relevant with respect to her allegation that she had obtained a new mobile home that was an appropriate home for the youngest child (*see generally Matter of Sellen v Wright,* 229 AD2d 680 [1996]; *Fox v Fox,* 177 AD2d 209, 210 [1992]). We note in addition that the mother failed to preserve for our review her contention that the court erred in admitting other specified testimony. Even assuming, arguendo, that the mother's contention is preserved for our review and has merit, we conclude that any error in the admission of that testimony is harmless inasmuch as the court did not rely on it in determining that the mother failed to establish a sufficient change in circumstances to warrant a modification of the prior order. The record establishes that, although the mother had purchased a new mobile home, it lacked running water and sufficient electrical service to meet even the most basic housing needs of a child. Additionally, even crediting the assertion of the mother that her youngest son expressed his wish to reside with her, we note that it is well established that the "established custodial arrangement should not be changed solely to accommodate the desires of the child" (*Fox,* 177 AD2d at 211; *see Matter of Betro v Carbone,* 50 AD3d 1583 [2008]; *Matter of Johnston v Bridenbecker,* 300 AD2d 1062 [2002]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.