In the Matter of SAMUEL S., Appellant, v DAYAWATHIE R., Respondent. [880 NYS2d 685]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Negron, Ct. Atty. Ref.), dated July 3, 2008, as, after a hearing, denied his petition for custody of the parties' daughter, awarded sole custody of the parties' daughter to the mother, and denied him visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child" (*Musachio v Musachio,* 53 AD3d 600, 601 [2008]; *see Eschbach v Eschbach,*

56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]). The express wishes of the child are entitled to great weight where the child's age and maturity make his or her input particularly meaningful (*see Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]; *Matter of Kocowicz v Kocowicz*, 306 AD2d 285, 285-286 [2003]; *Bergson v Bergson*, 68 AD2d 931, 932 [1979]). Inasmuch as "custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Fallarino v Ayala*, 41 AD3d at 715).

Here, the Family Court's determination that there should be no change of custody has a sound and substantial basis in the record and will not be disturbed. The evidence demonstrated that it was in the best interests of the 17-year-old child to remain in the custody of the mother, who has continuously cared for the child since birth and is a fit parent (*see Matter of Fallarino v Ayala*, 41 AD3d at 715). The court properly took into consideration the child's wishes, given her age and maturity (*see Matter of O'Connor v Dyer*, 18 AD3d at 757-758). Moreover, the testimony and recommendations of the forensic examiner that a change in custody would be detrimental to the well-being of the child were uncontradicted by the record and properly credited by the Family Court (*see Matter of Guerra v Balistreri*, 49 AD3d 646, 647 [2008]; *Matter of Muller v Muller*, 221 AD2d 635, 636 [1995]).

Similarly, we find no basis to disturb the Family Court's determination that denial of visitation was in the best interests of the child. The evidence established that the child's fear of the father was valid, as it was based upon the father's abusive and criminal behavior. The father had committed family offenses, emotionally and sexually abused the mother, abducted the child's older siblings, and intentionally exposed the child to graphic, sexually-explicit materials. The order precluding all contact was consistent with the child's wishes, the testimony and report of the court-appointed forensic psychologist, and the father's denial of responsibility for the emotional and psychological injury his behavior had caused. Accordingly, the Family Court's determination was properly "based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Grossman v Grossman*, 5 AD3d 486, 487 [2004] [internal quotation marks omitted]; *see Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]; *Matter of Morales v Bruno*,

29 AD3d 1001 [2006]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.