In the Matter of ALYSE LARKIN, Appellant, v CALEB J. WHITE, Respondent. [884 NYS2d 90]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated December 19, 2008, which, after a hearing, denied her petition for custody of the parties' child, and granted the father's cross petition for custody of the child. By decision and order on motion of this Court dated January 15, 2009 [2009 NY Slip Op 60934(U)], enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition for custody of the child is granted, the father's cross petition is denied, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The subject of this custody proceeding is six-year-old Aidan, who has lived with his mother his entire life. At the time of Aidan's birth, the parents, who never married, lived together in an apartment on Long Island. However, the father left when Aidan was eight months old, and moved back to his parents' home in Westchester County. During the next 2½ years, the couple remained in an "on again, off again" relationship, which finally terminated in January 2006. According to the mother, a major factor in her decision to end her relationship with the father was his alleged alcohol problem, which at times affected his behavior. In October 2007 the mother filed a petition seeking custody of Aidan, and the father cross-petitioned for custody. At the conclusion of a hearing, which included the testimony of the parents, several relatives, a court-appointed forensic evaluator, the father's treating psychologist, the child's pediatrician, and two teachers, the Family Court awarded sole custody to the father. We reverse.

The court's paramount concern in a custody proceeding is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]). Among the factors to be considered in reaching a determination that promotes the child's best interests are "the original placement of the child, the length of that placement, the child's desires, [and] the relative fitness of the parents" (Klat v Klat, 176 AD2d 922 [1991]; see Eschbach v Eschbach, 56 NY2d at 172; Matter of Summer A., 49 AD3d 722, 726 [2008]; Matter of Sullivan v Sullivan, 190 AD2d 852, 853 [1993]). This Court's authority in custody determinations is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]), and while we are mindful that the hear-

ing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we "would be seriously remiss if, simply in deference to the finding of a Trial Judge" we allowed a custody determination to stand where it lacks a sound and substantial basis in the record (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *see Matter of Said v Said*, 61 AD3d 879 [2009]; *Matter of Salvati v Salvati*, 221 AD2d 541 [1995]).

In awarding the father sole custody, the hearing court failed to afford sufficient weight to Aidan's need for stability, and the impact of uprooting him from his current home on Long Island, where he attends school and is engaged in many activities including swimming, soccer, and football, and relocating him to Westchester County (*see Matter of Lightbody v Lightbody*, 42 AD3d 537, 538 [2007]; *Matter of Bryant v Nazario*, 306 AD2d 529 [2003]; *Matter of Salvati v Salvati*, 221 AD2d at 542; *Matter of Lobo v Muttee*, 196 AD2d 585, 587-588 [1993]). By all accounts, the mother is a caring parent, who is actively involved in Aidan's school activities, and seeks appropriate treatment for the child's asthma and attention deficient hyperactivity disorder. Moreover, the mother has been Aidan's primary caretaker since birth (*see Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]; *Matter of Plitnick v Oliver*, 249 AD2d 399, 400 [1998]; *Matter of Wolfer v Wolfer*, 183 AD2d 903 [1992]). Furthermore, although the father is a loving parent who enjoys a close bond with his young son, the evidence presented at the hearing indicates that he has suffered in the past from problems with alcohol and depression. Under these circumstances, the best interests of the child would best be served by preserving the status quo, and leaving Aidan in the custody of his mother (*see Matter of Peroglu v Baez*, 54 AD3d 416, 418 [2008]).

We note that the Family Court agreed with the forensic evaluator's opinion that the mother was overly critical of the father, and that her negative opinion of him would have an adverse impact on her ability to be a good co-parent and promote a close relationship between Aidan and his father. Although there is no evidence that the mother actually has attempted to disturb Aidan's close relationship with his father, in view of the concerns expressed by the forensic evaluator and the Family Court, we deem it appropriate to caution the mother that interference in the child's relationship with the noncustodial parent is "so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as custodial parent" (*Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456, 458 [2001]; *see Matter of Perez v Sepulveda*, 21 AD3d

558, 559 [2005]). "Thus, a change [in] custody is appropriate if her conduct as custodial parent deliberately frustrates, denies, or interferes with the father's visitation rights" (*Matter of Chebuske v Burnhard-Vogt*, 284 AD2d at 458; *see Matter of Wolfer v Wolfer*, 183 AD2d 903 [1992]; *Matter of Coyne v Coyne*, 150 AD2d 573 [1989]).

We deem it appropriate that the father's liberal visitation continue. Accordingly, we remit the matter to the Family Court, Nassau County, for further proceedings, including the issuance of a permanent visitation order, in which the Family Court may continue the visitation arrangement set by order of the Family Court dated May 9, 2008, with any appropriate modifications. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Nassau County, dated December 19, 2008, inter alia, to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 22, 2009 [2009 NY Slip Op 70281(U)], the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto and upon the argument of the appeal, it is,

Ordered that the motion is granted to the extent that those portions of the appellant's reply brief which refer to matter dehors the record are stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.