■ In the Matter of LOUIS M., Respondent, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, and SHALAINE G., Appellant. [892 NYS2d 488]—

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Dwyer-Hayde v Forcier,* 67 AD3d 1011 [2009]; *Musachio v Musachio,* 53 AD3d 600, 601 [2008]; *Matter of O'Connor v Dyer,* 18 AD3d 757 [2005]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family Court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d at 173; *Matter of Dwyer-Hayde v Forcier,* 67 AD3d 1011 [2009]; *Matter of Mohabir v Singh,* 63 AD3d 1159 [2009]).

Initially, contrary to the mother's contention, the Family Court applied the correct standard. Since there was no prior custody order in effect, the father was not required to show a change in circumstances (*see Matter of Neail v Deshane,* 19 AD3d 758, 758 n [2005]; *Matter of Jiminez v Jiminez,* 301 AD2d 971, 972 [2003]).

As to the merits, the court's determination that the child's best interests would be served by awarding sole custody to the father is supported by sound and substantial evidence including, among other things, the wishes of the child which, due to her age, were entitled to substantial weight (*see Matter of Sassower-Berlin v Berlin,* 31 AD3d 771 [2006]; *Matter of Tavarez v Musse,* 31 AD3d 458 [2006]; *Matter of O'Connor v Dyer,* 18 AD3d at 757; *Matter of Kocowicz v Kocowicz,* 306 AD2d 285 [2003]; *Matter of Coryea v Allen,* 262 AD2d 1023, 1024 [1999]; *Matter of Gago v Acevedo,* 214 AD2d 565, 566 [1995]).

The mother's remaining contentions are without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.