■ In the Matter of FREDERICK JAMES LITTLE, Appellant, v SANDYE FERN RENZ, Respondent. (Proceeding No. 1.) In the Matter of SANDYE FERN RENZ, Respondent, v FREDERICK JAMES LITTLE, Appellant. (Proceeding No. 2.) In the Matter of FREDERICK JAMES LITTLE, Appellant, v SANDYE FERN RENZ, Respondent. (Proceeding No. 3.) [897 NYS2d 142]—

In related child custody proceedings pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (Pearl, J.), dated April 15, 2008, as, after a hearing, denied his petition for joint custody of the parties' child and granted the mother's petition for sole custody, and (2) from an order of the same court dated May 27, 2008, which, after a hearing, dismissed, with prejudice, his family offense petition.

Ordered that the order dated April 15, 2008, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 27, 2008, is affirmed, without costs or disbursements.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Louis M. v Administration for*

*Children's Servs.*, 69 AD3d 633 [2010]). Among the factors to be considered in reaching a determination that promotes the child's best interests are the original placement of the child, the length of that placement, and the relative fitness of the parents (*see Matter of Larkin v White*, 64 AD3d 707, 708 [2009]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the hearing court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633 [2010]). Here, the Family Court's determination to award sole custody of the parties' child to the mother, with whom the child has lived her entire life, has a sound and substantial basis in the record. Thus, that determination will not be disturbed.

We find no reason to disturb the Family Court's determination that the father failed to prove the allegations in his family offense petition by a preponderance of the evidence (*see Matter of Khaykin v Kanayeva*, 47 AD3d 817, 818 [2008]). Covello, J.P., Miller, Dickerson and Belen, JJ., concur.