■ Silvera Pierre-Paul, Respondent, v Marie M. Boursi-quot, Appellant. [903 NYS2d 94]—

In an action for a divorce and ancillary relief, the defendant mother appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Lebowitz, J.), entered December 17, 2008, as upon a decision of the same court dated February 4, 2008, made after a nonjury trial, awarded the plaintiff father sole custody of the parties' children, and awarded her the sum of only $220 per week in maintenance for a period of 18 months.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Little v Renz*, 71 AD3d 677 [2010]; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633 [2010]). Among the factors to be considered in reaching a determination that promotes the children's best interests are the original placement of the child, the length of that placement, and the relative fitness of the parents (*see Matter of Little v Renz*, 71 AD3d 677 [2010]; *Matter of Larkin v White*, 64 AD3d 707, 708 [2009]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the hearing court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Little v Renz*, 71 AD3d 677 [2010]; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633 [2010]). Here, the Supreme Court's determination to award sole custody of the parties' children to the father has a sound and substantial basis in the record. Thus, that determination will not be disturbed.

The mother's contention that the Supreme Court failed to consider her allegations of domestic violence is without merit. Where allegations of domestic violence are proven by a preponderance of the evidence, "the court must consider the effect of such domestic violence upon the best interests of the child[ren]" (Domestic Relations Law § 240 [1] [a]; *see Matter of Khaykin v Kanayeva*, 47 AD3d 817, 818 [2008]; *Matter of Rodriguez v Guerra*, 28 AD3d 775, 776 [2006]; *Matter of Moreno v Cruz*, 24 AD3d 780, 781 [2005]). Here, however, the Supreme Court determined that the mother's allegations were not supported by a preponderance of the evidence. The father denied the mother's allegations, and the Supreme Court resolved the conflicting testimony in favor of the father. Based on the record, there is no basis to disturb the Supreme Court's credibility determination.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Grumet v Grumet*, 37 AD3d 534, 535 [2007]). The court must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance (*see Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Griggs v Griggs*, 44 AD3d 710, 711-712 [2007]). Here, considering the relevant factors, the award in the sum of $220 per week for a period of 18 months was appropriate. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.