In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Goldstein, Ct. Atty. Ref.), dated July 22, 2009, as, after a hearing, awarded the father sole custody of the parties’ child.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner father and the appellant mother are the parents of a daughter born on May 26, 2002. Following the child’s birth, the parties resided together for approximately one month, after which time, the child resided with the mother. In February 2004 the father commenced this custody and visitation proceeding. In late January 2006, the Family Court, upon *1017 finding, inter alia, that the mother had repeatedly and intentionally violated court orders and had interfered with the father’s relationship with the child, awarded temporary custody of the child to the father, with visitation to the mother. In May 2006, as a result of the mother’s continued lack of compliance with certain terms of the January 2006 order, the Family Court suspended her visitation and then allowed it to resume on a supervised basis. In April 2007, the mother took the child to the West Indies for 10 days without notifying the father or seeking permission from the Family Court. The father moved, among other things, to hold the mother in civil contempt for violating numerous Family Court orders. In an order dated June 15, 2007, the Family Court, inter alia, granted that branch of the father’s motion which was to hold the mother in civil contempt. That order was affirmed by this Court (see Matter of Jules v Corriette, 55 AD3d 732 [2008]). By order dated July 22, 2009, the Family Court, after conducting a hearing at which witnesses for both parties testified, awarded sole custody to the father. The mother appeals, and we affirm the order insofar as appealed from.
In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]). The child’s best interests lie in being nurtured and guided by both parents (see Cervera v Bressler, 50 AD3d 837, 839 [2008]), and the custodial parent has a duty to protect and nurture the child’s relationship with the noncustodial parent and to ensure access (see Daghir v Daghir, 82 AD2d 191, 194-195 [1981], affd 56 NY2d 938 [1982]). Therefore, a court may properly consider the effect that an award of custody to one parent might have on the child’s relationship with the other parent (see Bliss v Ach, 56 NY2d 995, 998 [1982]). “[I]nasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the hearing court’s findings will not be disturbed unless they lack a sound and substantial basis in the record” (Pierre-Paul v Boursiquot, 74 AD3d 935, 936 [2010]; see Eschbach v Eschbach, 56 NY2d at 173). Here, in light of the evidence demonstrating the mother’s continued interference with the father-child relationship, and all other relevant evidence, the Family Court’s determination to award sole custody of the parties’ daughter to the father has a sound and substantial basis in the record. Thus, that determination will not be disturbed. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.