In the Matter of DONNA LEE MOORE, Appellant-Respondent, v WAYNE V. FINK, Respondent. JAMES M. HARTMANN, as Attorney for the Children, Respondent-Appellant. (And Three Other Related Proceedings.) [909 NYS2d 810]—

Egan Jr., J. (1) Cross appeals from an order of the Family Court of Delaware County (Becker, J.), entered May 19, 2009,

which, among other things, dismissed petitioner's applications, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) appeal from an order of said court, entered May 19, 2009, which directed the parties to attend parental education classes.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two sons born in 1998 and 1999. In October 2005, the mother left the parties' residence leaving the children with the father. Several months later, she moved in with her boyfriend approximately 30 miles away. In 2006, after both parties filed petitions seeking custody of the children, Family Court issued a temporary order granting the father sole custody with visitation to the mother. However, prior to a fact-finding hearing, the petitions were withdrawn and the proceedings dismissed.

In 2007, the mother commenced the first two of the instant proceedings, purportedly to modify the 2006 temporary order. She asserted, among other things, that the father transported the children without a valid driver's license, that he was on parole, unemployed and was being evicted from his home. The father then filed two petitions, the first seeking custody of the children, asserting, among other things, that the mother abandoned the children and was abusing drugs and alcohol, and the second seeking to curtail the mother's visitation.

A fact-finding hearing and four *Lincoln* hearings took place between February 2008 and March 2009, after which Family Court, while acknowledging the mother's recent separation from her boyfriend to be closer to the children, found that she left the family residence in 2005 and commenced a relationship with an active alcoholic and that, at that time, she was also an active alcoholic, which impaired her ability to participate in the children's lives. While also acknowledging the father's own shortcomings, including his numerous prior criminal convictions, the court found him to be a competent and nurturing parent, and awarded him full custody of the children, with the mother having certain visitation rights. By separate order, the court directed both parties to attend and complete parental education classes. The mother now appeals from both orders.* The attorney for the children cross-appeals from that part of the custody order as awarded the mother visitation.

Initially, we note that the 2006 order was issued without the

* The appeal of Family Court's order directing the parties to attend parental education classes is not addressed in the mother's brief and is, therefore, deemed abandoned (*see Matter of Anesi v Brennan*, 75 AD3d 791, 792 n [2010]; *Matter of Eck v Eck*, 57 AD3d 1251, 1252 n 2 [2008]).

benefit of a full hearing, and the proceedings upon which it was based were later dismissed. Accordingly, the instant proceedings involve an initial custody determination, and Family Court's "change of circumstances" analysis is inapplicable (*Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005], *lv denied* 5 NY3d 711 [2005]; *see Matter of Smith v Smith*, 61 AD3d 1275, 1276 [2009]; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]). However, the record is sufficient to make an initial custody determination in the children's best interests, considering factors such as "maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the children's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010] [internal quotation marks and citation omitted]; *see Armstrong v Armstrong*, 72 AD3d 1409, 1412 [2010]; *Matter of Holle v Holle*, 55 AD3d 991, 991-992 [2008]).

Here, while the mother repeatedly points to the father's drug use, criminal history and alleged violent behavior towards her to support her argument that the father is unsuited to provide the children with moral and intellectual guidance, we note that, with a few limited exceptions, these acts occurred or are alleged to have occurred prior to the mother leaving the family home. In 2004, albeit in conjunction with his incarceration and subsequent probation, the father completed certain anger management and chemical dependency and follow-up programs. He testified that, although he has an alcoholic drink "now and again," he has not abused drugs since he completed those programs. Indeed, after the mother left the family home in 2005, the father's criminal activity was limited to nondrug, nonviolent charges. Furthermore, the record reflects that he takes appropriate steps in parenting and disciplining the children and is an active participant in the children's education. On the other hand, the mother admitted to the continued use of marihuana and taking prescription pain medication and drinking alcohol on a daily basis. She has moved multiple times since leaving the family home and has failed to consistently participate in the children's schooling. We note that the expert testimony presented on behalf of the mother regarding how children are affected by witnessing abuse was expressed without the benefit of a review of the pleadings or an interview of either the parties or the children and may be properly disregarded by Family Court (*see Matter of Peck v Bush*, 35 AD3d 1118, 1119 [2006]). Accordingly, in providing the appropriate deference to the court's findings (*see Matter of Claflin v Giamporcaro*, 75 AD3d 778, 780

[2010], *lv denied* 15 NY3d 710 [2010]; *Matter of Torkildsen v Torkildsen*, 72 AD3d at 1406; *Matter of Gast v Gast*, 50 AD3d 1189, 1190 [2008]), we conclude that the order granting the father sole custody of the children is supported by a sound and substantial basis in the record.

Lastly, inasmuch as the attorney for the children failed to establish, through substantial evidence, that alternate weekend and Monday visitation with extended summer visitation with the mother would be harmful to the children, the presumption that visitation with their mother is in the children's best interests has not been rebutted, and Family Court's determination awarding the mother visitation rights is supported by the record (*see Matter of Tamara FF. v John FF.*, 75 AD3d 688, 690 [2010]; *Matter of Baker v Blanchard*, 74 AD3d 1427, 1428 [2010]; *Matter of Garraway v Laforet*, 68 AD3d 1192, 1193 [2009]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.