In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (O’Shea, J.), dated March 21, 2011, which, after a hearing, granted the father’s petition, in effect, to modify two orders of custody and visitation of the same court dated July 14, 2003, and June 1, 2006, respectively, so as to award him sole custody of the subject children.
Ordered that the order dated March 21, 2011, is affirmed, without costs or disbursements.
The evidence established that the mother engaged in a course of conduct which intentionally interfered with the relationship between the children and the father. Such action is “so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent” (Matter of Ross v Ross, 68 AD3d 878, 878 [2009]; see Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]; Matter of Weinberg v Weinberg, 52 AD3d 616, 617 [2008]; Matter of Nikolic v Ingrassia, 47 AD3d 819, 820 [2008]; see also Matter of Jules v Corriette, 76 AD3d 1016, 1017 [2010]; Pierre-Paul v Boursiquot, 74 AD3d 935, 936 [2010]; Bains v Bains, 308 AD2d 557, 558 [2003]). Although the mother attempted to excuse her behavior based upon her allegations of domestic violence by the father, the Family Court concluded that her allegations were not supported by credible evidence, and thus it properly discounted that explanation (see Pierre-Paul v Boursiquot, 74 AD3d at 936).
Likewise, although the mother is correct that “[a] parent’s criminal history may militate against an award of custody” (Matter of Nunn v Bagley, 63 AD3d 1068, 1069 [2009]; see Matter of Esposito v Shannon, 32 AD3d 471, 474 [2006]), a parent’s criminal history is not an absolute bar to custody and must, as with any other factor, be considered in the totality of the cir *1059 cumstances (see Matter of Moore v Fink, 77 AD3d 1204, 1206 [2010]; Matter of Esposito v Shannon, 32 AD3d at 473-474; see also Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; Miller v Pipia, 297 AD2d 362, 364 [2002]). Here, the Family Court’s determination that the father “appear[ed] to have refocused his life without further criminal behavior” and that awarding him custody was in the children’s best interest, was supported by the record (compare Matter of Moore v Fink, 77 AD3d at 1206-1207; Matter of Esposito v Shannon, 32 AD3d at 473-474). Florio, J.P., Balkin, Hall and Miller, JJ., concur.