■ In the Matter of MICHAEL J. TORI, Respondent, v JOAN ANN TORI, Appellant. [958 NYS2d 510]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Forman, J.), dated December 21, 2011, which, after a hearing, granted the father's petition to modify an order of the same court (Gilbert, Ct. Atty. Ref.) dated June 24, 2008,

awarding her sole custody of the subject child, so as to award him sole custody.

Ordered that the order dated December 21, 2011, is affirmed, with costs.

The Family Court did not err in granting the father's petition to modify the order of custody so as to award him sole custody of the subject child. Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]; *Matter of Ross v Ross*, 96 AD3d 856 [2012]; *Matter of Strand-O'Shea v Kraemer*, 96 AD3d 862 [2012]; *Matter of Jackson v Coleman*, 94 AD3d 762 [2012]).

Interference with the relationship between a child and the noncustodial parent is an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as custodial parent (*see Matter of Purse v Crocker*, 95 AD3d 1216 [2012]; *Matter of Larkin v White*, 64 AD3d 707 [2009]; *Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456 [2001]). Thus, a change of custody is appropriate if the custodial parent's conduct deliberately frustrates, denies, or interferes with the noncustodial parent's visitation rights (*see Matter of Larkin v White*, 64 AD3d 707 [2009]; *Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456 [2001]). Here, the evidence supports the court's determination that the mother continually interfered with the visitation time between the father and the child and, as a result, disrupted their relationship.

As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Arndt v Arndt*, 100 AD3d 879 [2012]; *Matter of Doroski v Ashton*, 99 AD3d 902 [2012]; *Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012], *lv denied* 20 NY3d 854 [2012]; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]). Here, we find no basis to disturb the court's determination that there has been a change in circumstances such that it is in the child's best interests to award sole custody to the father. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.