■ In the Matter of JASON McKOY, Respondent, v LAUREN VATTER, Appellant. [965 NYS2d 200]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated March 27, 2012, which, upon a decision of the same court dated January 17, 2012, made after a hearing, inter alia, in effect, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"The Family Court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend in large part on the [hearing] court's assessment of the character and credibility of the parties and witnesses, that court's findings are generally accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Guzman v Pizarro*, 102 AD3d at 965).

Contrary to the mother's contention, the Family Court's determination that the subject child's best interests would be served by an award of sole custody to the father has a sound and substantial basis in the record and, thus, will not be disturbed (*see Matter of Guzman v Pizarro*, 102 AD3d at 965; *Matter of Thomas v Trice*, 83 AD3d 722 [2011]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.