■ In the Matter of BIBI KHAN-SOLEIL, Appellant, v ARMANI RASHAD, Respondent. (Proceeding No. 1.) In the Matter of ARMANI RASHAD, Respondent, v BIBI KHAN-SOLEIL, Appellant. (Proceeding No. 2.) [978 NYS2d 226]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Hepner, J.), dated November 16, 2012, which, after a hearing, granted the father's petition for sole custody of the parties' child and denied her cross petition for sole custody of the parties' child, and (2) an order of the same court dated November 19, 2012, which, inter alia, directed her to stay away from the subject child until September 1, 2013, except for participation in supervised visitation.

Ordered that the appeal from the order dated November 19, 2012, is dismissed as academic, as that order has expired by its own terms (*see Matter of Angelina L.C. [Michael C.—Patricia H.-C.]*, 110 AD3d 793 [2d Dept 2013]; and it is further,

Ordered that the order dated November 16, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the father.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of McKoy v Vatter*, 106 AD3d 1090 [2013]; *Matter of Roldan v Nieves*, 76 AD3d 634 [2010]; *Pierre-Paul v Boursiquot*, 74 AD3d 935, 936 [2010]; *Mohen v Mohen*, 53 AD3d 471, 472-473 [2008]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of McKoy v Vatter*, 106 AD3d at 1090; *Matter of Cooper v Robertson*, 97 AD3d 743, 744 [2012]; *Matter of Clarke v Boertlein*, 82 AD3d 976, 977 [2011]; *Matter of Jules v Corriette*, 76 AD3d at 1017; *Pierre-Paul v Boursiquot*, 74 AD3d at 936; *Mohen v Mohen*, 53 AD3d at 473).

"[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Matter of Vasquez v Ortiz*, 77 AD3d 962, 962 [2010]; *see Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). In contrast, "[w]illful interference with a noncustodial parent's right to

visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (*Matter of Ross v Ross*, 68 AD3d 878, 878 [2009]; *see Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]; *Matter of Tori v Tori*, 103 AD3d at 655; *Matter of Jones v Pagan*, 96 AD3d 1058 [2012]; *Matter of Gurewich v Gurewich*, 58 AD3d 628, 629 [2009]; *Matter of Weinberg v Weinberg*, 52 AD3d 616, 617 [2008]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 820 [2008]; *Young v Young*, 212 AD2d 114, 122 [1995]; *see also Matter of DeViteri v Saldana*, 95 AD3d 1221, 1222 [2012]; *Matter of Jules v Corriette*, 76 AD3d at 1017; *Pierre-Paul v Boursiquot*, 74 AD3d at 936; *Bains v Bains*, 308 AD2d 557, 558 [2003]).

Here, contrary to the mother's contention, the Family Court properly determined that the best interests of the parties' child would be served by awarding the father sole custody. The determination was supported by the record, including the testimony of the parties, which established, among other things, that the mother allowed the child to view her ex-husband, rather than the father, as the child's father and to call him "daddy" or "dad"; that the mother and her ex-husband deliberately interfered with the father's relationship with the child by putting the ex-husband's name on the child's amended birth certificate, despite their knowledge of genetic testing establishing that the father was the child's biological parent and despite the father having obtained an order of filiation; that, despite his knowledge of the genetic testing, the ex-husband, with the mother's acquiescence, attempted to adopt the child; that the mother acquiesced in her ex-husband's attempt to have their judgment of divorce vacated and then reinstated at a date after the child's birth so as to create a legal presumption that he was the child's father; that the mother and ex-husband opposed the father's petitions for custody or visitation and his petition to establish paternity; that the mother persistently denigrated the father in the child's presence; and that the mother made repeated uncorroborated and unfounded allegations of domestic violence and abuse of the child against the father, which interrupted his visitation with the child for extended periods. All of these actions were to the detriment of the child's best interests. Although the mother attempted to excuse her behavior based upon her allegations of domestic violence by the father and abuse of the child, the Family Court concluded that her allegations were not supported by credible evidence, and thus it properly discounted that explanation (*see Matter of Jones v Pagan*, 96 AD3d at 1058; *Pierre-Paul v Boursiquot*, 74 AD3d at 936). Moreover, the mother's testimony established her contin-

ued unwillingness to place the child's need for a relationship with the father above her own interest in avoiding the father and thwarting his attempts to form a relationship with the child (*see Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]; *Cucinello v Cucinello*, 234 AD2d 365, 366 [1996]). These acts constitute conduct so inconsistent with the best interests of the child as to per se raise a strong probability that the mother is unfit to act as a custodial parent (*see Matter of Purse v Crocker*, 95 AD3d 1216, 1217 [2012]; *Matter of Reyes v Polanco*, 83 AD3d 849, 850-851 [2011]; *Matter of Honeywell v Honeywell*, 39 AD3d at 858; *Matter of Perez v Sepulveda*, 21 AD3d 558, 559 [2005]; *Cucinello v Cucinello*, 234 AD2d at 366). Accordingly, the Family Court's determination awarding the father sole custody of the child was supported by the record.

The mother's remaining contentions regarding the award of custody are either unpreserved for appellate review or without merit. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.