■ In the Matter of EDYTA MONASTERSKA, Appellant, v JAMES M. BURNS, Respondent. (Proceeding No. 1.) In the Matter of JAMES M. BURNS, Respondent, v EDYTA MONASTERSKA, Appellant. (Proceeding No. 2.) [994 NYS2d 371]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated February 10, 2012, which, after a hearing, denied her petition for sole legal and physical custody of the parties' child, and granted the father's cross petition for sole legal and physical custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

In making an initial custody determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]). A custody determination depends to a great extent "upon an assessment of the character and credibility of parties and witnesses" (*Matter of Langlaise v Sookhan*, 48 AD3d 685, 685 [2008]). Because the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination is generally accorded deference on appeal and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of McKoy v Vatter*, 106 AD3d 1090 [2013]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]).

Contrary to the mother's contention, the Family Court's determination that it was in the child's best interests to award sole custody to the father has a sound and substantial basis in the record. Accordingly, we decline to disturb it (*see Matter of McKoy v Vatter*, 106 AD3d at 1090; *Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]).

The mother's remaining contention is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Hall, Austin and Barros, JJ., concur.