■ In the Matter of MELISSA REYES, Appellant, v PILIGANOR PARKER, Respondent. [25 NYS3d 905]—Appeal from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated March 16, 2015. The order, after a hearing, awarded the father sole legal and physical custody of the child and certain visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The parties are the unmarried parents of a son born in November 2006. In April 2011, the mother filed a custody petition pursuant to Family Court Act article 6. Following a hearing, the Family Court granted sole legal and physical custody to the father and certain visitation to the mother. The mother appeals.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]).

Here, contrary to the mother's contention, the Family Court's determination that the child's best interests would be served by an award of custody to the father has a sound and substantial basis in the record and, thus, it will not be disturbed (*see Matter of McKoy v Vatter*, 106 AD3d 1090 [2013]; *Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]; *Matter of Jules v Corriette*, 76 AD3d at 1017).

The mother's remaining contention is without merit. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.